[No. 3866–II.   Division Two.   July 18, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLES L. MINIUM, *Appellant.*

*Jess E. Minium, Jr.,* for appellant.

*Henry Dunn, Prosecuting Attorney,* and *Robin M. Force, Deputy,* for respondent.

PETRIE, J.—Defendant appeals his conviction of second-degree assault. RCW 9A.36.020(1)(b).[1] We affirm.

---

[1] RCW 9A.36.020(1)(b) states:

"(1) Every person who, under circumstances not amounting to assault in the first degree shall be guilty of assault in the second degree when he:

". . .

Defendant was found guilty of second–degree assault on December 13, 1978. Subsequently he moved to arrest the judgment, claiming that the information does not charge a crime because it fails to allege the element of criminal intent which is necessary for a conviction of second–degree assault. He argues in his brief on appeal that the information must actually use the words "intent" or "intent to injure."

The challenged information reads:

> Comes now HENRY R. DUNN, Prosecuting Attorney of Cowlitz County, State of Washington, and by this information accuses the above–named defendant(s) of violating the criminal laws of the State of Washington as follows: The defendant(s), in the County of Cowlitz, State of Washington, on or about the 27th day of August, 1978, did *knowingly inflict grievous bodily harm* upon Rick Vonweller, a human being, with a weapon, to–wit: by cutting Rick Vonweller with a drinking glass; contrary to RCW 9A.56.020(1)(b) [*sic*] and against the peace and dignity of the State of Washington.

(Italics ours.)

The sole issue before this court is whether the information fails to allege all of the essential elements of the offense because the word "intent" is not included in the information.

Defendant correctly states that an information must allege all the essential elements of the crime, *State v. Moser,* 41 Wn.2d 29, 246 P.2d 1101 (1952); *State v. Newson,* 8 Wn. App. 534, 507 P.2d 893 (1973); and that criminal intent or scienter is a necessary element of an offense which is mala in se. *Seattle v. Gordon,* 54 Wn.2d 516, 342 P.2d 604 (1959); *State v. Tuss,* 21 Wn. App. 80, 584 P.2d 421 (1978); *State v. Smith,* 17 Wn. App. 231, 562 P.2d 659 (1977). Furthermore, scienter is an implied element of a mala in se statutory crime which fails to include it as an

---

"(b) Shall knowingly inflict grievous bodily harm upon another with or without a weapon; or"

element, unless the statute expressly eliminates it. *Morissette v. United States,* 342 U.S. 246, 96 L. Ed. 288, 72 S. Ct. 240 (1952); *State v. Turner,* 78 Wn.2d 276, 474 P.2d 91, 41 A.L.R.3d 493 (1970); *State v. Smith, supra.*

In the case at bench, however, defendant's assertion fails because the word "intent" is not the only way to express scienter. *See State v. Stewart,* 73 Wn.2d 701, 440 P.2d 815 (1968). In *State v. Hennings,* 3 Wn. App. 483, 489, 475 P.2d 926 (1970), the court stated:

> This basic ingredient or element of most crimes has not always been clearly conceived. It is variously called "scienter," "guilty knowledge," "willfulness," or "evil" or "felonious" intent.

The court in *State v. Turner, supra,* declared that the addition of the word "knowingly" to the flag desecration statute supplied the requisite element of intent previously implied in law.

Accordingly, we hold that the information in the present case expressly alleges the necessary element of criminal intent or scienter by the use of the words "*knowingly* inflict grievous bodily harm." (Italics ours.) *See State v. Norby,* 20 Wn. App. 378, 381, 579 P.2d 1358 (1978).

Judgment affirmed.

PEARSON, A.C.J., and PETRICH, J., concur.