[No. 57492-8.   En Banc.   June 20, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. NICHOLAS KJORSVIK, *Petitioner.*

94

*Dawn Monroe* of *Washington Appellate Defender Association*, for petitioner.

*Norm Maleng, Prosecuting Attorney, Theresa L. Fricke, Senior Appellate Attorney,* and *Peter Goldman, Deputy,* for respondent.

*Eric J. Nielsen* on behalf of Washington Association of Criminal Defense Lawyers, amicus curiae for petitioner.

*Seth R. Dawson, Prosecuting Attorney for Snohomish County,* and *Seth Aaron Fine, Deputy,* on behalf of Washington Association of Prosecuting Attorneys, amicus curiae for respondent.

ANDERSEN, J. —

## FACTS OF CASE

This case deals with the issue of whether criminal charging documents must contain all the essential elements of the crime charged or only those elements which are actually set out in the statute defining the crime. The case also concerns the related issue of what is the proper appellate standard of review when a challenge to a charging document is first raised on appeal.

Nicholas Kjorsvik, the defendant herein, was accused by information of having committed first degree robbery. The information stated in relevant part:

I, . . . , Prosecuting Attorney for King County . . . accuse Nicholas Jay Kjorsvik and Michael Marcelouse, and each of them, of the crime of robbery in the first degree, committed as follows:

That the defendants, Nicholas Jay Kjorsvik and Michael Marcelouse, and each of them, in King County, Washington, on or about July 1, 1988 did unlawfully take personal property, to-wit: lawful United States currency from the person and in the presence of Chris V. Balls, against his will, by the use or threatened use of immediate force, violence and fear of injury to such person or his property and in the commission of and in immediate flight therefrom the defendants were armed with and displayed what appeared to be a deadly weapon, to-wit: a knife;

Contrary to RCW 9A.56.200(1)(a)(b) and 9A.56.190, and against the peace and dignity of the state of Washington.

And I, . . . , Prosecuting Attorney for King County, . . . further do accuse the defendant at said time of being armed with a deadly weapon, to-wit: a knife, under the authority of RCW 9.94A.125.

The certificate for determination of probable cause indicated that the defendant and a companion entered a Winchell's Donut Shop at about midnight on July 1, 1988, and that the defendant held a knife to the baker's throat and both men said "this is a robbery". After the baker slammed the cash register drawer on the defendant's hand, both men fled the scene with cash from the till drawer.

At trial, the baker identified the defendant as one of the men who had robbed him. The defendant's defense was that he was not one of the persons who robbed the shop. The jury found the defendant guilty of robbery in the first degree and found by special verdict that he was armed with a deadly weapon at the time of the crime.

On appeal, the defendant challenged his conviction on the basis that the information was insufficient because it omitted the common law intent element of robbery. The Court of Appeals commissioner found Division Two's decision in *State v. Strong*, 56 Wn. App. 715, 785 P.2d 464, *review denied*, 114 Wn.2d 1022 (1990) dispositive of the challenge to the information and affirmed the conviction. The Court of

Appeals declined to modify the commissioner's ruling. The defendant sought and was granted review in this court.

This case presents two important issues for disposition.

## ISSUES

ISSUE ONE. Must a charging document, such as an information, indictment or criminal complaint,[1] include the common law elements of a crime as well as the statutory elements in order to apprise the accused of the nature of the charges against the accused?

ISSUE TWO. What is the proper standard of review when a challenge to an information is first raised on appeal, and did the information which tracked the language of the robbery statute give the defendant adequate notice of the elements of the charge against him in this case?

## DECISION

ISSUE ONE.

CONCLUSION. All essential elements of a crime, statutory or otherwise, must be included in a charging document in order to afford notice to an accused of the nature and cause of the accusation against him.

■■ This conclusion is based on constitutional law and court rule. Const. art. 1, § 22 (amend. 10) provides in part:

> In criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation against him, . . .

U.S. Const. amend. 6 provides in part:

> In all criminal prosecutions, the accused shall . . . be informed of the nature and cause of the accusation; . . .

CrR 2.1(b) provides in part that

> the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged.

---

[1]The issue of the sufficiency of misdemeanor citations is not before the court in this case and, therefore, we do not consider it.

Although our robbery statute, RCW 9A.56.190, does *not* include an intent element,[2] our settled case law is clear that "intent to steal" *is* an essential element of the crime of robbery.[3] At issue is whether this nonstatutory element should have been included in the information in order to fully inform the defendant of the accusation made against him.

In the case of *State v. Leach*, 113 Wn.2d 679, 689, 782 P.2d 552 (1989), we recently stated that "the 'essential elements' rule requires that a charging document *allege facts supporting every element of the offense*, in addition to adequately identifying the crime charged". This core holding of *Leach* requires that the defendant be apprised of the elements of the crime charged and the conduct of the defendant which is alleged to have constituted that crime. *Leach* explains that merely reciting the statutory elements of the crime charged may not be sufficient.

> Because statutory language may not necessarily *define* a charge sufficiently to apprise an accused with reasonable certainty of the nature of the accusation against that person, to the end that the accused may prepare a defense and plead the judgment as a bar to any subsequent prosecution for the same offense, mere recitation of the statutory language in the charging document may be inadequate.

---

[2]"A person commits robbery when he unlawfully takes personal property from the person of another or in his presence against his will by the use or threatened use of immediate force, violence, or fear of injury to that person or his property or the person or property of anyone. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; in either of which cases the degree of force is immaterial. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear." RCW 9A.56.190.

[3]*State v. Hicks*, 102 Wn.2d 182, 184, 683 P.2d 186 (1984); *State v. Self*, 42 Wn. App. 654, 657, 713 P.2d 142, *review denied*, 105 Wn.2d 1017 (1986).

*Leach*, 113 Wn.2d at 688. We have recently reiterated that it is sufficient to charge in the language of a statute *if* the statute defines the offense with certainty.[4]

We recognize that different divisions of our Court of Appeals are divided on the issue of whether nonstatutory essential elements of a crime need to be included in the charging document. A number of cases hold that *nonstatutory* elements of the charged crime need *not* be included in the charging document.[5] However, a number of other decisions of the Court of Appeals have held that *all* essential elements, common law as well as statutory, *must* be included in the charging document.[6]

There is also a significant split of authority among the federal circuits concerning the necessity of charging nonstatutory elements.[7] The United States Supreme Court held

---

[4]*State v. Elliott*, 114 Wn.2d 6, 13, 785 P.2d 440, *cert. denied*, ___ U.S. ___, 112 L. Ed. 2d 80, 111 S. Ct. 110 (1990). *See also State v. Royse*, 66 Wn.2d 552, 403 P.2d 838 (1965); *State v. Thomas*, 73 Wn.2d 729, 730, 440 P.2d 488 (1968).

[5]*See, e.g., State v. Johnson*, 59 Wn. App. 867, 872, 802 P.2d 137 (1990); *State v. Sims*, 59 Wn. App. 127, 132-33, 796 P.2d 434 (1990); *State v. Hernandez*, 58 Wn. App. 793, 796, 794 P.2d 1327 (1990); *State v. Sly*, 58 Wn. App. 740, 746, 794 P.2d 1316 (1990); *State v. Strong*, 56 Wn. App. 715, 718, 785 P.2d 464, *review denied*, 114 Wn.2d 1022 (1990); *State v. Smith*, 49 Wn. App. 596, 599, 744 P.2d 1096 (1987), *review denied*, 110 Wn.2d 1007 (1988); *State v. Bower*, 28 Wn. App. 704, 707 n.2, 626 P.2d 39 (1981).

[6]*State v. Robinson*, 58 Wn. App. 599, 606-07, 794 P.2d 1293 (1990), *review denied*, 116 Wn.2d 1003 (1991); *State v. Nieblas-Duarte*, 55 Wn. App. 376, 378-79, 777 P.2d 583, *review denied*, 113 Wn.2d 1030 (1989); *State v. Minium*, 26 Wn. App. 840, 841, 615 P.2d 511 (1980).

[7]A number of cases indicate that all elements must be contained in the charging document: *United States v. Wilson*, 884 F.2d 174, 179 (5th Cir. 1989); *United States v. Crow*, 824 F.2d 761, 762 (9th Cir. 1987); *United States v. Opsta*, 659 F.2d 848, 850 (8th Cir. 1981); *United States v. Morrison*, 536 F.2d 286, 288 (9th Cir. 1976); *Honea v. United States*, 344 F.2d 798, 804 (5th Cir. 1965); *Lott v. United States*, 309 F.2d 115, 117 (5th Cir. 1962), *cert. denied*, 371 U.S. 950, 9 L. Ed. 2d 498, 83 S. Ct. 504 (1963).

Compare the preceding cases with the following cases which indicate that implied or nonstatutory elements need *not* be included in a charging document:

in *Hamling v. United States*, 418 U.S. 87, 117, 41 L. Ed. 2d 590, 94 S. Ct. 2887 (1974) (citing *United States v. Carll*, 105 U.S. 611, 612, 26 L. Ed. 1135 (1882)) as follows:[8]

> It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished."

Some of the foremost legal scholars in this field agree that *all* of the essential elements of a crime must be set forth in a charging document. 1 C. Wright, *Federal Practice* § 125, at 369-77 (2d ed. 1982) states:

> If the statute omits an essential element of the offense, or includes it only by implication, then pleading the statutory language will not suffice, and the omitted element must be alleged directly and with certainty. . . .
>
> . . .
> If knowledge or intent are not an element of a particular crime, then of course they need not be pleaded. An indictment or information is defective, however, in failing to allege these elements if they are expressly contained in the statute and criminal intent is an element of some crimes though not mentioned in the statute.

(Footnotes omitted.) 2 W. LaFave & J. Israel, *Criminal Procedure* § 19.2, at 448-52 (1984) notes that

> indictments have been held invalid for failing to allege the element of intent even though the statute was cited and that element was either included in the statute or apparent from decisions interpreting the statute. . . .
>
> . . .
> . . . If the statute omits an essential element, such as mens rea, then that element must be added to the pleading.

---

*Tamapua v. Shimoda*, 796 F.2d 261, 263 (9th Cir. 1986); *Miller v. Stagner*, 757 F.2d 988, 994, 768 F.2d 1090 (9th Cir. 1985), *cert. denied*, 475 U.S. 1048, 89 L. Ed. 2d 577, 106 S. Ct. 1269 (1986); *United States v. Hester*, 719 F.2d 1041, 1043 (9th Cir. 1983); *United States v. Fusaro*, 708 F.2d 17, 23 (1st Cir.), *cert. denied*, 464 U.S. 1007, 78 L. Ed. 2d 708, 104 S. Ct. 524 (1983).

[8] *See also Russell v. United States*, 369 U.S. 749, 765, 8 L. Ed. 2d 240, 251, 82 S. Ct. 1038 (1962).

2 C. Torcia, *Wharton's Criminal Procedure* § 238, at 69 (13th ed. 1990) states that

> [t]he constitutional right of the accused "to be informed of the nature and cause of the accusation" against him requires that every material element of the offense be charged with definiteness and certainty.

The primary goal of the "essential elements" rule is to give notice to an accused of the nature of the crime that he or she must be prepared to defend against.[9] In *Leach*,[10] we noted that defendants are entitled to be fully informed of the nature of the accusations against them *so that they can prepare an adequate defense.*[11]

It is neither reasonable nor logical to hold that a *statutory* element of a crime is constitutionally required in a charging document, but that an *essential* court-imposed element of the crime is not required, in light of the fact that the primary purpose of such a document is to supply the accused with notice of the charge that he or she must be prepared to meet. Statutory elements are, of course, easier to ascertain since the statutes are usually cited in the charging document, whereas court-imposed elements must be discovered through at least cursory legal research. This court has stated that defendants should not have to search for the rules or regulations they are accused of violating.[12] We therefore conclude that the correct rule is that *all* essential elements of an alleged crime must be included in the charging document

---

[9] 2 W. LaFave & J. Israel, *Criminal Procedure* § 19.2, at 446 (1984); 1 C. Wright, *Federal Practice* § 125, at 365 (2d ed. 1982).

[10] *State v. Leach*, 113 Wn.2d 679, 695, 782 P.2d 552 (1989).

[11] *See also Russell v. United States*, 369 U.S. 749, 763-64, 8 L. Ed. 2d 240, 82 S. Ct. 1038 (1962) (requiring the elements of the offense to sufficiently apprise the defendant of what he must be prepared to meet); *State v. Grant*, 89 Wn.2d 678, 686, 575 P.2d 210 (1978).

[12] *State v. Jeske*, 87 Wn.2d 760, 765, 558 P.2d 162 (1976).

in order to afford the accused notice of the nature of the allegations so that a defense can be properly prepared.[13]

ISSUE TWO.

CONCLUSION. Charging documents which are not challenged until after the verdict will be more liberally construed in favor of validity than those challenged before or during trial. We hold that, viewed in this light, the defendant in the present case was afforded adequate notice of the nature and cause of the charge against him and affirm his conviction.

In this case, the defendant did not challenge the sufficiency of the charging document until he appealed following his conviction at a jury trial. Before discussing whether the defendant was afforded adequate notice of the elements of the charge against him, it is first necessary to clarify the standard of appellate review to be used in such cases. Once again, there also exists a significant split of authority among the divisions of the Court of Appeals on the standard of review for challenges to a charging document first raised on appeal.[14]

■ A challenge to the constitutional sufficiency of a charging document may be raised initially on appeal.[15]

---

[13]Imposing the responsibility to include all essential elements of a crime on the prosecution should not prove unduly burdensome since the "to convict" instructions found in the Washington Pattern Jury Instructions — Criminal (WPIC) delineate the elements of the most common crimes. *See* 11 Wash. Prac., *Washington Pattern Jury Instructions — Criminal* (1977 & Supp. 1986).

[14]The following cases utilized a stricter standard of review by liberally construing charging documents in favor of validity when they were first challenged on appeal: *Sims*, 59 Wn. App. at 129; *Strong*, 56 Wn. App. at 717; *State v. Warren*, 55 Wn. App. 645, 656, 779 P.2d 1159 (1989), *review denied*, 114 Wn.2d 1004 (1990); *Smith*, 49 Wn. App. at 598. However, some cases have recently declined to utilize the stricter standard of review because of uncertainty as to whether this court has sanctioned such a standard. *Sly*, 58 Wn. App. at 745-46; *Auburn v. Brooke*, 60 Wn. App. 87, 90 n.3, 803 P.2d 1325 (1991).

[15]*Leach*, 113 Wn.2d at 697; *State v. Holt*, 104 Wn.2d 315, 321, 704 P.2d 1189 (1985); RAP 2.5(a)(3).

However, the question posed here is whether a different standard of review should be applied when, as here, the accused first raises the issue on appeal.

Justice Brachtenbach, concurring by a separate opinion in *Leach*,[16] noted that when faced with the question of whether a charging document sufficiently states an offense, "federal courts have held that 'indictments which are tardily challenged are liberally construed in favor of validity.'" In his opinion, Justice Brachtenbach also suggested that "in the proper case, with full briefing and argument by the parties," this court should consider adopting this rule of liberal construction.[17] This is that case.

A different standard of review should be applied when no challenge to the charging document has been raised at or before trial because otherwise the defendant has no incentive to timely make such a challenge, since it might only result in an amendment or a dismissal potentially followed by a refiling of the charge.[18] Applying a more liberal construction on appeal discourages what Professor LaFave has described as "sandbagging". He explains this as a potential defense practice wherein the defendant recognizes a defect in the charging document but forgoes raising it before trial when a successful objection would usually result only in an amendment of the pleading.[19]

---

[16]*Leach*, 113 Wn.2d at 700 (Brachtenbach, J., concurring).

[17]*Leach*, 113 Wn.2d at 700-01 (Brachtenbach, J., concurring).

[18]It is unnecessary herein to decide when amendment is appropriate and when dismissal is required. The issue of whether amendment of an information is permissible is controlled by CrR 2.1(e) and cases interpreting that rule and is not an issue in the present case. We recently held that amendments to an information are liberally allowed before trial with continuances granted to a defendant if necessary to prepare to meet the altered charge, but when a charging document is amended to charge an entirely different crime after the State has rested its case, the defendant is prejudiced. *State v. Pelkey*, 109 Wn.2d 484, 490, 745 P.2d 854 (1987).

[19]2 *Criminal Procedure* § 19.2, at 442 & n.36. *See also Leach*, 113 Wn.2d at 700 (Brachtenbach, J., concurring).

The standard of review utilized by the federal courts for challenges to charging documents which are raised for the first time on appeal was set forth by the United States Supreme Court in the leading case of *Hagner v. United States*, 285 U.S. 427, 433, 76 L. Ed. 861, 52 S. Ct. 417 (1932):

> Upon a proceeding after verdict at least, no prejudice being shown, it is enough that the necessary facts appear in any form, or by fair construction can be found within the terms of the indictment.

Under this rule of liberal construction, even if there is an apparently missing element, it may be able to be fairly implied from language within the charging document.[20] Many cases utilize the *Hagner* standard and hold that if the necessary facts appear in any form, or by a fair construction can be found within the terms of the charge, then the charging document will be upheld on appeal.[21] Thus, when an objection to an indictment is not timely made the reviewing court has considerable leeway to imply the necessary allegations from the language of the charging document.[22]

Over a decade ago, this court recognized that a different standard of review might well be appropriate when a defendant failed to properly challenge the sufficiency of

---

[20]*United States v. Ellsworth*, 647 F.2d 957, 962 (9th Cir. 1981), *cert. denied*, 456 U.S. 944, 72 L. Ed. 2d 465, 102 S. Ct. 2008 (1982).

[21]*See, e.g., Kaneshiro v. United States*, 445 F.2d 1266, 1269 (9th Cir.), *cert. denied*, 404 U.S. 992, 30 L. Ed. 2d 543, 92 S. Ct. 537 (1971); *United States v. Shoup*, 608 F.2d 950, 960 (3d Cir. 1979); *United States v. Mallen*, 843 F.2d 1096, 1102 (8th Cir.), *cert. denied*, 488 U.S. 849, 102 L. Ed. 2d 103, 109 S. Ct. 130 (1988); *United States v. Wabaunsee*, 528 F.2d 1, 2 (7th Cir. 1975); *United States v. Pheaster*, 544 F.2d 353, 361 (9th Cir. 1976), *cert. denied sub nom. Inciso v. United States*, 429 U.S. 1099, 51 L. Ed. 2d 546, 97 S. Ct. 1118 (1977). 1 *Federal Practice* § 123, at 354 n.31.

[22]*Pheaster*, 544 F.2d at 362 (citing *Kaneshiro v. United States*, 445 F.2d at 1268-69).

the charging document before or during trial. In *State v. Majors*, 94 Wn.2d 354, 358-59, 616 P.2d 1237 (1980) (quoting *Keto v. United States*, 189 F.2d 247, 251 (8th Cir. 1951)), this court stated as follows:

> The orderly administration of criminal justice demands that a defendant who is dissatisfied with the form or substance of an indictment or information filed against him shall make that known to the trial court at or before the time when sentence is imposed, . . . It would create an intolerable situation if defendants, after conviction, could defer their attacks upon indictments or informations until witnesses had disappeared, statutes of limitation had run, and those charged with the duty of prosecution had died, been replaced, or had lost interest in the cases.

■■ We hereby adopt the federal standard of liberal construction in favor of the validity of charging documents where challenges to the sufficiency of a charging document are initially raised after verdict[23] or on appeal, but we further include in that standard both an essential elements prong and an inquiry into whether there was actual prejudice. Not all of the federal cases appear to overtly require both inquiries but the leading case of *Hagner* so suggests. In addition, a number of federal courts in dealing with this issue have gone on to question whether the accused was prejudiced by the inartful or vague language in the charging document.[24]

A close reading of the federal cases shows that the federal standard is, in practice, often applied as a 2-prong test: (1) do the necessary facts appear in any form, or by fair construction can they be found, in the charging document; and,

---

[23]*Hagner v. United States*, 285 U.S. 427, 433, 76 L. Ed. 861, 52 S. Ct. 417 (1932); *Mallen*, 843 F.2d at 1102.

[24]*United States v. Joseph*, 781 F.2d 549, 554 (6th Cir. 1986); *Mallen*, 843 F.2d at 1102; *United States v. Hart*, 640 F.2d 856, 857 (6th Cir.), *cert. denied*, 451 U.S. 992, 68 L. Ed. 2d 853, 101 S. Ct. 2334 (1981); *Kaneshiro*, 445 F.2d at 1269; *Wabaunsee*, 528 F.2d at 4; *Pheaster*, 544 F.2d at 363.

if so, (2) can the defendant show that he or she was nonetheless actually prejudiced by the inartful language which caused a lack of notice?[25]

The standard of review we here adopt will require at least some language in the information giving notice of the allegedly missing element(s) *and* if the language is vague, an inquiry may be required into whether there was actual prejudice to the defendant. The second prong — allowing the defendant to show that actual prejudice resulted from inartful or vague language — affords an added layer of protection to a defendant even where the issue is first raised after verdict or on appeal.

The first prong of the test — the liberal construction of the charging document's language — looks to the face of the charging document itself. The second or "prejudice" prong of the test, however, may look beyond the face of the charging document to determine if the accused actually received notice of the charges he or she must have been prepared to defend against.[26] It is possible that other circumstances of the charging process can reasonably inform the defendant in a timely manner of the nature of the charges. This 2-prong standard of review strikes a balance: on the one hand it discourages the defense from postponing a challenge to the charge knowing the charging document is flawed; on the other hand, it insures that the State will have given fair notice of the charge to the defendant.

■ The defendant here argues that if a charging document does not explicitly set forth all elements of the offense then the conviction must automatically be reversed because the trial court lacked "subject matter jurisdiction".

---

[25]*See, e.g., Wabaunsee,* 528 F.2d at 4; *Mallen,* 843 F.2d at 1102; *Joseph,* 781 F.2d at 554; *Hart,* 640 F.2d at 857.

[26]*United States v. Salazar,* 720 F.2d 1482, 1487 (10th Cir. 1983) (citing *United States v. French,* 683 F.2d 1189, 1194 (8th Cir. 1982), *cert. denied,* 459 U.S. 972, 74 L. Ed. 2d 284, 103 S. Ct. 304 (1982)), *cert. denied,* 469 U.S. 1110, 83 L. Ed. 2d 783, 105 S. Ct. 789 (1985); *Wabaunsee,* 528 F.2d at 4; *United States v. Martin,* 783 F.2d 1449, 1453-54 (9th Cir. 1986).

Defendant further argues that on this basis the federal standard of review is inappropriate. While it is true that some courts have referred to a defective charging document as impacting jurisdiction,[27] we do not agree. We decline to view a constitutional challenge to a charging document as an issue regarding the *power* of the trial court to act. Although the Court of Appeals opinion in *State v. Leach*, 53 Wn. App. 322, 329, 766 P.2d 1116, *aff'd*, 113 Wn.2d 679, 782 P.2d 552 (1989) did state that the essential elements rule has "assumed a quasi-jurisdictional character", it relied upon out-of-state authority and also recognized a split on this issue.

In our opinion in *State v. Leach*, 113 Wn.2d 679, 782 P.2d 552 (1989), we declined to base the holding on the theory that the trial court lacked subject matter jurisdiction.[28] *Leach* indicates that a challenge to the sufficiency of a charging document can be initially raised on appeal "because it involves a question of constitutional due process";[29] had such insufficiency deprived the trial court of subject matter jurisdiction, it could be raised at any time because of that lack, and a constitutional basis for such a motion would be unnecessary. Similarly, in *Russell v. United States*, 369 U.S. 749, 753, 8 L. Ed. 2d 240, 82 S. Ct. 1038 (1962), the United States Supreme Court held the issue was "preserved for appeal" because it was raised at trial; such an inquiry would be unnecessary if the lower court lacked jurisdiction.

Our Court of Appeals recently observed that although some courts have referred to the essential elements rule as

---

[27]*See, e.g., Auburn v. Brooke*, 60 Wn. App. 87, 91 n.8, 803 P.2d 1325 (1991) (noting, however, that the subject matter jurisdiction issue may have been erroneously blurred with the issue whether a charging document properly states an offense); *State v. Nieblas-Duarte*, 55 Wn. App. 376, 379 n.4, 777 P.2d 583, *review denied*, 113 Wn.2d 1030 (1989).

[28]*See also State v. Holt*, 104 Wn.2d 315, 704 P.2d 1189 (1985).

[29]*State v. Leach*, 113 Wn.2d 679, 691, 782 P.2d 552 (1989).

"quasi-jurisdictional", it is questionable whether the essential elements rule contains any jurisdictional questions which would result in the harsh consequence of automatic dismissal.[30] We agree. Recent case law from this court has not viewed charging document challenges as involving subject matter jurisdictional issues, and we decline to adopt such a view.[31]

We conclude that the 2-prong standard of postverdict review enunciated herein fairly balances the right of a defendant to proper and timely notice of the accusation against the defendant and the right of the State not to have basically fair convictions overturned on delayed postverdict challenges to the sufficiency of a charging document.

■ ■ Applying this 2-prong standard of review to the present case, our first inquiry is whether the nonstatutory element of "intent to steal" appears in any form, or by fair construction can be found in this information. In this connection, we observe that it has never been necessary to use the exact words of a statute in a charging document; it is sufficient if words conveying the same meaning and import are used.[32] This same rule applies to nonstatutory

---

[30]*State v. Sims*, 59 Wn. App. 127, 132 n.3, 796 P.2d 434 (1990).

[31]*Accord, People v. Gilmore*, 63 Ill. 2d 23, 344 N.E.2d 456, 458 (1976) (holding failure to charge an offense does *not* go to jurisdiction); *Lamar v. United States*, 240 U.S. 60, 64-65, 60 L. Ed. 526, 36 S. Ct. 255 (1916) (in which Mr. Justice Holmes made his classic statement to the effect that the question of sufficiency of an indictment was *not* a question going to the jurisdiction of the court, but one relating to the merits of the case); *see also Keto v. United States*, 189 F.2d 247, 250 (8th Cir. 1951); *United States v. Williams*, 341 U.S. 58, 65-66, 95 L. Ed. 747, 71 S. Ct. 595, 599 (1951) (the fact that it is ultimately determined on appeal that the indictment was defective does not affect the jurisdiction of the trial court to determine the case presented by the indictment).

[32]*State v. Leach*, 113 Wn.2d 679, 689, 782 P.2d 552 (1989); *State v. Jeske,* 87 Wn.2d 760, 765, 558 P.2d 162 (1976); *State v. Moser*, 41 Wn.2d 29, 31, 246 P.2d 1101 (1952); RCW 10.37.160.

elements.[33] It is therefore not fatal to an information or complaint that the exact words of a case law element are not used; the question in such situations is whether all the words used would reasonably apprise an accused of the elements of the crime charged. Words in a charging document are read as a whole, construed according to common sense, and include facts which are necessarily implied.[34]

■ The State argues that the word "unlawfully" sufficiently alleges the intent to steal element of the crime of robbery. Authority is divided on whether the allegation that an act was done *feloniously* or *unlawfully* is a sufficient allegation of criminal intent.[35] This inquiry turns on the elements of the particular crime charged and the meaning to be derived from the language of the charging document.

As a prominent commentator in this field has pointed out:

> The fundamental purpose of the pleading is to inform the defendant of the charge so that he may prepare his defense, and the test for sufficiency ought to be whether it is fair to defendant to require him to defend on the basis of the charge

---

[33]*State v. Nieblas-Duarte*, 55 Wn. App. 376, 380, 777 P.2d 583, *review denied*, 113 Wn.2d 1030 (1989).

[34]*United States v. Buckley*, 689 F.2d 893, 899 (9th Cir. 1982), *cert. denied*, 460 U.S. 1086, 76 L. Ed. 2d 349, 103 S. Ct. 1778 (1983); *see United States v. Kilpatrick*, 821 F.2d 1456, 1462 (10th Cir. 1987), *aff'd sub nom. Bank of Nova Scotia v. United States*, 487 U.S. 250, 101 L. Ed. 2d 228, 108 S. Ct. 2369 (1988); 1 C. Wright, *Federal Practice* § 125, at 385 (2d ed. 1982).

[35]*See United States v. Airdo*, 380 F.2d 103, 105 (7th Cir.) (the word "unlawfully" supplied the required element of knowledge that goods were stolen), *cert. denied*, 389 U.S. 913, 19 L. Ed. 2d 260, 88 S. Ct. 238 (1967); *Austin v. United States*, 414 F.2d 1155, 1158 (D.C. Cir. 1969) (intent to deprive element is sufficiently alleged in a pleading which charges that by force and violence and against resistance and by putting in fear, the defendant stole and took from the person). *But see Hughes v. United States*, 338 F.2d 651, 652 (1st Cir. 1964) (in conviction for unlawful removal of materials from Customs' control, the word unlawfully alone did not suffice to imply the requisite felonious intent).

as stated in the particular indictment or information. *The stated requirement that every ingredient or essential element of the offense should be alleged must be read in the light of the fairness test just suggested.*

(Footnotes omitted. Italics ours.)[36] Moreover, a state statute, RCW 10.37.050, provides in part:

The . . . information is sufficient if it can be understood therefrom —

. . .

(6) That the act or omission charged as the crime is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as *to enable a person of common understanding to know what is intended*;

(Italics ours.)

In *State v. Hicks*, 102 Wn.2d 182, 683 P.2d 186 (1984), this court found that intent to steal was an essential element of the crime of robbery and if the defendant thought (as was the explanation of the defendant in that case) that he was merely retrieving his own property, that would have constituted a defense to the robbery charge. Under the facts of *Hicks*, the property taken by the defendant might have been his own property, hence the taking was arguably a lawful taking. Accordingly, this court reversed the conviction for failure of the information to include the "intent to steal" element of robbery and because of a refusal by the trial judge to instruct on this element.

In the present case, however, the information charged that the defendant unlawfully, with force, and against the baker's will, took the money while armed with a deadly weapon. It is hard to perceive how the defendant in this case could have unlawfully taken the money from the cash register, against the will of the shopkeeper, by use (or threatened use) of force, violence and fear while displaying a deadly weapon and yet not have intended to steal the money. The case before us is thus clearly distinguishable from *Hicks*. Giving the information charging this defendant a liberal construction in favor of its validity, reading it as a

---

[36]1 C. Wright, *Federal Practice* § 125, at 365-66 (2d ed. 1982).

whole and in a commonsense manner, we conclude that it did inform the defendant of all the elements of robbery.[37]

Since we have determined that all of the essential elements of robbery were contained in the charging document, we turn to the second prong of the inquiry and ask whether the defendant has shown that he was nonetheless prejudiced by any vague or inartful language in the charge. The defendant did not, and does not, make any argument that he had a claim of right to the property taken from the cash register; his defense was simply that he didn't do it. The certificate of probable cause stated that the defendant entered the donut shop at midnight, pulled a knife, held it to the baker's throat and stated, "This is a robbery." In the trial court's "to convict" instruction to the jury setting forth the elements of the offense that had to be proved by the State, the common law intent element was included. Under the facts of this case, we conclude that there was no prejudice to the defendant due to any vague or inartful language in the charging document.

Since we conclude that the robbery charge was sufficient to give the defendant reasonable notice of the elements of the charge against him, and that he suffered no prejudice from the manner in which the crime was charged, there is no reversible error.

Conviction affirmed.

DORE, C.J., and BRACHTENBACH, DOLLIVER, DURHAM, SMITH, and GUY, JJ., concur.

UTTER, J. (dissenting) — I concur in the majority's resolution of Issue One. However, I dissent in the majority's conclusion that the court should adopt a stricter standard of review for challenges to the sufficiency of a charging

---

[37]This is not to say, of course, that it would not be preferable to include the "intent to steal" element in a robbery charge, since situations are foreseeable where the failure to plead such a mens rea element might actually result in prejudice to an accused.

document[38] first raised on appeal. That conclusion ignores past precedent of this court, undercuts the importance of the essential elements rule, and denies defendants due process.

The majority adopts a 2-prong test. The first prong asks whether "the necessary facts appear in any form, or by fair construction can they be found, in the charging document". Majority opinion, at 105. In other words, the majority looks to see if the words of the charging document can in any way be construed to include all of the essential elements of the crime. That interpretation has been implicitly rejected many times by this court.

The essential elements rule has always been the law of this state. *State v. Leach*, 113 Wn.2d 679, 688, 782 P.2d 552 (1989). The first Washington case to overturn a conviction due to the insufficiency of the charging document was *Leonard v. Territory*, 2 Wash. Terr. 381, 7 P. 872 (1885). The defendant in *Leonard* was convicted of murder. The prosecutor charged Leonard with "purposely . . . deliberate[ly] and [with] premeditated malice" assaulting and shooting the victim. 2 Wash. Terr. at 390. The charging document did not, however, specifically allege that the *killing* was done purposely and with premeditated malice. In holding that the indictment was insufficient to sustain a charge of murder, the court specifically rejected an argument that the missing element could be inferred from the language of the indictment.

> Under our laws an indictment must be direct and certain, both as regards the crime charged and as regards the particular circumstances thereof, when they are necessary to constitute a complete crime. The circumstances of purpose and malice, as ingredients of the killing, are necessary to constitute the complete crime of murder . . ..

---

[38]The majority excludes misdemeanor citations from its holding. Majority opinion, at 97 n.1. I note, however, that the essential elements rule applies to misdemeanor citations. *Seattle v. Hein*, 115 Wn.2d 555, 799 P.2d 734 (1990). Therefore, the majority's interpretation of that rule should also apply to citations.

> . . . It is true that our statute . . . abolishes the embarrassing and injurious technicalities of the common law; but it also declares, in the interest both of the public and of the party accused, that the act or omission charged as crime shall be "clearly and distinctly set forth, in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended."

2 Wash. Terr. at 392.[39]

Since 1885 the courts of this state have consistently refused to liberally construe the language of a charging document to find a missing essential element. *Blanton v. State*, 1 Wash. 265, 24 P. 439 (1890) (issue raised for first time on appeal); *State v. Dengel*, 24 Wash. 49, 63 P. 1104 (1901) (failure to allege property of another in robbery charge, raised for first time after verdict); *State v. Morgan*, 31 Wash. 226, 71 P. 723 (1903) (failure to allege property of another in larceny charge); *State v. Hall*, 54 Wash. 142, 102 P. 888 (1909) (robbery); *State v. Catalino*, 118 Wash. 611, 204 P. 179 (1922); *Seattle v. Jordan*, 134 Wash. 30, 235 P. 6 (1925); *Seattle v. Proctor*, 183 Wash. 299, 48 P.2d 241 (1935); *State v. Taes*, 5 Wn.2d 51, 104 P.2d 751 (1940); *State v. Unosawa*, 29 Wn.2d 578, 188 P.2d 104 (1948) (raised for first time on appeal); *State v. Moser*, 41 Wn.2d 29, 246 P.2d 1101 (1952) (raised for first time on *second* appeal); *State v. Royse*, 66 Wn.2d 552, 403 P.2d 838 (1965); *State v. Holt*, 104 Wn.2d 315, 704 P.2d 1189 (1985) (raised for first time on appeal); *State v. Leach*, 113 Wn.2d 679, 782 P.2d 552 (1989) (raised for first time on appeal). Thus, it has *always* been the rule in this state that the failure to state an element of the offense renders the charging document constitutionally defective and subject to dismissal. *Leach*, 113 Wn.2d at 687; *Holt*, 104 Wn.2d at 321.

In many of the cases cited above the defendant first challenged the charging document on appeal. Yet, in none of

---

[39]The prosecutor contended that this objection "should have been taken by demurrer, and not by motion in arrest of judgment." 2 Wash. Terr. at 387. Therefore, it appears the challenge to the sufficiency of the indictment was raised for the first time after the verdict.

those cases did the court apply a stricter standard of review. Indeed, had the courts in those cases applied the liberal rule the majority adopts today, they would probably have reached a different conclusion regarding the sufficiency of the charging documents.

The majority's new rule also ignores other precedent firmly established in this state. First, this court has long held there is no presumption of validity for a charging document that fails to state all of the elements of an offense. *State v. Morton*, 83 Wn.2d 863, 866, 523 P.2d 199 (1974); *State v. Moser*, 41 Wn.2d 29, 31, 246 P.2d 1101 (1952). Yet the majority's rule that the charging document is to be liberally construed in favor of validity is just such a presumption.

Second, in actually applying the test, the majority looks at the jury instructions to determine whether the omission of the element prejudiced the defendant. Majority opinion, at 111. This ignores our long-standing rule that a jury instruction cannot cure a defective charging document. *Holt*, 104 Wn.2d at 322; *State v. Unosawa*, 29 Wn.2d at 586.

Finally, the majority fails to explain how its holding in this case can be distinguished from our holdings in the "common understanding" cases. The common understanding rule is a 2-part test for determining the sufficiency of the charging document. First, the court looks to see if all of the elements of the offense are actually charged. Second, if all of the elements are charged, then the court looks to see if a person of common understanding can, from the document's allegations, discern the nature of the charge. *Unosawa*, 29 Wn.2d at 589.

The rule the majority adopts today asks whether the words of the charging document "would reasonably apprise an accused of the elements of the crime charged." Majority opinion, at 109. Since the defendant is presumed to be innocent, and therefore to know nothing of the charge, we must ask this question from the perspective of the common per-

son. Note, *Indictment Sufficiency*, 70 Colum. L. Rev. 876, 894 (1970). Therefore, the majority's interpretation of the essential elements rule is essentially the same as our common understanding rule. Decisions of this court and of the Court of Appeals make it clear, however, that the common understanding rule does not apply where an essential element of the offense is missing from the charging document. *State v. Moser*, 41 Wn.2d at 32; *State v. Ternan*, 32 Wn.2d 584, 587, 203 P.2d 342 (1949); *State v. Unosawa, supra*; *State v. Smith*, 49 Wn. App. 596, 600 n.1, 744 P.2d 1096 (1987), *review denied*, 110 Wn.2d 1007 (1988).

> Before applying the common understanding rule, we must first determine whether or not the information charges all of the . . . elements of the particular crime involved. Upon being satisfied as to this fact, we can then, *and not until then*, look to the information as a whole and determine whether a man of common understanding can know the exact nature of the charges against him. . . .

(Italics mine.) *Unosawa*, 29 Wn.2d at 589. Similarly, the liberal interpretation rule adopted by the majority today should only apply where it is *first* determined that the charging document actually alleges all of the essential elements of the offense. Since the information in this case does not actually allege the "intent to steal" element of robbery, we should not apply the liberal interpretation rule.

Interpreting the language of the information liberally in order to fill in a missing element of the offense undercuts the importance of the essential elements rule. The majority states that "[t]he primary goal of the 'essential elements' rule is to give notice to an accused of the nature of the crime that he or she must be prepared to defend against." Majority opinion, at 101.

Historically, however, the essential elements rule was distinct from the notice requirement. As our Court of Appeals recognized:

> The constitutional principle is generally formulated in terms of due process, *i.e.*, an accused's right to be informed with

reasonable certainty of the nature of the charges in order to prepare a defense and to plead a judgment as a bar to any further prosecution for the same offense. . . .

Given the harsh consequences of a violation, however, it is evident that the essential elements rule constitutes a category sui generis and rests on principles other than notice alone. Even in situations where the notice function has been satisfied, *i.e.*, the defendant has actual notice of the elements of the charged crime and has not been prejudiced at trial by the defective charging document, the *Holt* rule mandates automatic dismissal.

*State v. Leach*, 53 Wn. App. 322, 328-29, 766 P.2d 1116, *aff'd*, 113 Wn.2d 679, 782 P.2d 552 (1989). *See also State v. Strong*, 56 Wn. App. 715, 720-21, 785 P.2d 464 (Petrich, J., dissenting), *review denied*, 114 Wn.2d 1022 (1990).

Leading commentators also recognize the distinction between the essential elements rule and notice. As two such commentators note, a charging document, to be sufficient, must:

(1) inclu[de] . . . the elements of the offense; (2) provid[e] adequate notice as to the charge; and (3) provid[e] protection against double jeopardy.

2 W. LaFave & J. Israel, *Criminal Procedure* § 19.2(b), at 445 (1984) (hereinafter LaFave & Israel). Thus, the essential elements rule is considered separate from, and serves a different purpose than, the notice requirement. LaFave & Israel § 19.2(b), at 449. LaFave and Israel describe the functions of the essential elements rule as facilitating judicial review, allowing the trial court to assess the sufficiency of the prosecution's case prior to trial, and as reflecting the historic importance of the charging document in both initiating the proceedings and providing the formal basis for the judgment. LaFave & Israel § 19.2(b), at 446-50.

Another commentator describes the function of the essential elements rule as providing the court with sufficient information to determine whether the facts are "sufficient in law to support a conviction, if one should be had.'" 1 C.

Wright, *Federal Practice* § 125, at 363 (2d ed. 1982) (quoting *United States v. Cruikshank*, 92 U.S. 542, 558, 23 L. Ed. 588 (1876)). While Wright notes that this role of the essential elements rule is not often cited, he asserts that it is still important. 1 C. Wright § 125, at 363. *See also Russell v. United States*, 369 U.S. 749, 763-64, 8 L. Ed. 2d 240, 82 S. Ct. 1038 (1962); *United States v. Bohonus*, 628 F.2d 1167, 1173 (9th Cir.), *cert. denied*, 447 U.S. 928 (1980).

Professor Torcia describes this function as assuring that the

> accusation [is] legally sufficient, i.e., it must contain facts which in law amount to an offense, and which, if proved, would establish prima facie the accused's guilt of such offense.

2 C. Torcia, *Wharton's Criminal Procedure* § 258, at 61 (12th ed. 1975) (hereinafter Torcia). He also notes that the essential elements rule allows the trial court to "determine the evidence which is admissible and the judgment which should be pronounced." (Footnote omitted.) Torcia § 260, at 67.

The rule the majority adopts today ignores these historical, and still vital, functions of the essential elements rule. Instead, the majority would limit the essential elements rule to serving merely as a notice requirement. While the essential elements rule is a key component of the notice requirement, the rule also serves other important functions.

Even if the majority were correct in assigning this limited role to the essential elements rule, there are several problems with its analysis. The majority acknowledges, as it must, that the essential elements of an offense must be alleged "directly and with certainty." Majority opinion, at 100. Our cases establish that failure to allege an essential element is a *constitutional* defect. *Leach*, 113 Wn.2d at 687; *Holt*, 104 Wn.2d at 322. The majority never makes it clear, however, why a constitutional defect should be treated

differently just because it is raised for the first time on appeal.

The majority offers two possible reasons for adopting the stricter standard of review. First, the majority argues that without the different standard of review

> the defendant has no incentive to timely make such a challenge, since it might only result in an amendment or a dismissal potentially followed by a refiling of the charge.

Majority opinion, at 103. What the majority fails to realize, however, is that nothing in its proposed rule provides the defendant any additional incentive for raising the challenge prior to trial. Such a challenge will still only result in "an amendment or dismissal potentially followed by a refiling of the charge." The defendant who recognizes the defect prior to trial still has nothing to gain by raising a preverdict challenge. The defendant who honestly does not realize the charging document is defective, however, will be penalized by the higher standard of review. Thus the majority's rule penalizes the unwary while doing nothing to eliminate the "sandbagging" problem the rule allegedly addresses.

The prejudice prong of the majority's test does nothing to change this unjust result. Under the majority's test the reviewing court looks to see if the words of the charging document "reasonably apprise an accused of the elements of the crime charged." Majority opinion, at 109. In other words, did the charging document give the defendant notice of all the elements? If the court concludes the charging document gave the defendant notice of all the elements, the majority then looks to see "whether the defendant . . . was nonetheless prejudiced by any vague or inartful language in the charge." Majority opinion, at 111. The majority would have us believe that this prejudice inquiry provides additional protection to the defendant. Yet, in reality, it is difficult to imagine a situation where a court would find that the defendant had actual notice and yet was still prejudiced. If the charging document did not give the

defendant notice of an element, then the court never looks at the prejudice question. If the charging document *did* give the defendant actual notice of all the elements, then how could the defendant ever show prejudice?

The second reason the majority offers for adopting the rule is to further the "orderly administration of criminal justice". Majority opinion, at 105 (quoting *State v. Majors*, 94 Wn.2d 354, 358, 616 P.2d 1237 (1980)). In fact, the majority rule does not further the orderly administration of justice. As noted above, the rule does not provide defendants any incentive to make earlier challenges to the sufficiency of the charging document. Given the time constraints and intricacies of preparing for trial, it is likely that most such challenges will still be raised for the first time on appeal. Our previous rule, however, required dismissal if the charging document failed to allege an essential element of the offense. Under that rule, the prosecution has a great deal of incentive to see to it that the charging document is constitutionally sufficient in the first place. This should result in fewer appeals, since the prosecutor will presumably be more careful if he or she knows an error could result in dismissal of the charge. Therefore, our original rule better serves the orderly administration of justice.

A dismissal rule does place a greater burden on the prosecutor. This is fair, however, since it is the prosecutor who is responsible for assuring that the charging document is constitutionally sufficient. All of these cases are, after all, the result of prosecutorial error in the charging process. Therefore, the burden on correcting that error should rest with the prosecutor. As the majority notes at footnote 13, that is not a heavy burden. All the prosecutor has to do is see to it that all of the elements listed in the respective "to convict" instructions set out in the Washington Pattern Jury Instructions are alleged in the charging document.

The majority's rule also places a greater burden on the appellate courts. Under the test enunciated by the majority,

the reviewing court will (1) look to see if all of the elements of the offense are actually charged; if not, then (2) examine the words used to see if they can be construed as giving reasonable notice of the missing element; and, if so, (3) determine from the record whether the vague wording of the charging document actually prejudiced the defendant. Under our old rule, however, the reviewing court merely looked to see if the charging document actually alleged all of the essential elements of the offense. Thus, the old rule better serves the interests of judicial economy.

The majority cites numerous federal cases as justification for adopting the stricter standard. As the discussion above makes clear, however, this court has never applied a stricter standard in such situations. The majority offers no reason for ignoring our own precedent in favor of the federal rule. Furthermore, the majority does not discuss the fact that our court rules make no reference to a higher standard of review, and yet those rules specifically allow appellants to raise constitutional issues for the first time on appeal. RAP 2.5(a)(3).

Finally, in adopting the federal rule, the majority ignores a fundamental precept of that rule. In enunciating the rule the majority now adopts, the Supreme Court wrote:

> The rigor of old common law rules of criminal pleading has yielded, in modern practice, to the general principle that *formal* defects, not prejudicial, will be disregarded.

(Italics mine.) *Hagner v. United States*, 285 U.S. 427, 431, 76 L. Ed. 861, 52 S. Ct. 417 (1932). Since that time the Court has consistently held that convictions are not to be overturned based on "minor and technical deficiencies" in the form of the charging document. *Smith v. United States*, 360 U.S. 1, 9, 3 L. Ed. 2d 1041, 79 S. Ct. 991 (1959). Thus, the liberal interpretation rule applies only to matters of form, not of substance. *Carlson v. United States*, 296 F.2d 909, 912 (9th Cir. 1961); *United States v. Tornabene*, 222 F.2d 875, 878 (3d Cir. 1955). *See also* LaFave & Israel §

19.2, at 442. The omission of an essential element, however, is more than just a technicality, and therefore requires reversal. *United States v. Wabaunsee*, 528 F.2d 1, 3 (7th Cir. 1975).

This is especially true where the missing element goes to mens rea. In *Henderson v. Morgan*, 426 U.S. 637, 49 L. Ed. 2d 108, 96 S. Ct. 2253 (1976), the Court invalidated a guilty plea where the defendant was never informed that intent to cause death was an element of second degree murder. The Court noted that the defendant's attorney was "certainly" familiar with the intent requirement, and the Court assumed the defendant would have pleaded guilty even if he had been told of the element. 426 U.S. at 644 n.1. Nonetheless, the Court overturned the guilty plea because

"*real* notice of the true nature of the charge against him, [is] the first and most universally recognized requirement of due process."

(Italics mine.) 426 U.S. at 645 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334, 85 L. Ed. 859, 61 S. Ct. 572 (1941)). The Court also noted that, while a description of every element may not always be necessary, "intent is such a critical element of the offense" that notice of that element is always required. 426 U.S. at 647 n.18.

Thus, the intent to steal element of robbery must be set out in the charging document. Omission of the mental element of the crime can never be considered the kind of technical error to which the rule of liberal construction should be applied. This is so because notice of the essential elements, to be constitutionally sufficient, must be the "real notice" contemplated in *Henderson v. Morgan, supra.*

The test the majority adopts today does nothing to assure that the defendant is provided with *real* notice of all of the essential elements of the offense. Instead, the majority imposes a constructive notice that is constitutionally insufficient under both the federal and state constitutions. In so doing the majority ignores years of Washington case law,

undermines the import of the essential elements rule, and denies the defendant due process. For that reason, I must dissent.

JOHNSON, J., concurs with UTTER, J.