784

[No. 86415-2.   En Banc.]
Considered February 9, 2012.   Decided February 16, 2012.

THE STATE OF WASHINGTON, *Respondent*, v. BRENDA J.
ZILLYETTE, *Petitioner*.

*John A. Hays*, for petitioner.

*H. Steward Menefee, Prosecuting Attorney*, and *Gerald R. Fuller* and *Gordon L. Wright, Deputies*, for respondent.

¶1 PER CURIAM — The superior court found Brenda Zillyette guilty of controlled substance homicide. Zillyette challenged the sufficiency of the information for the first time on direct appeal. Because the Court of Appeals failed to first determine the adequacy of the information and went directly to an evaluation of prejudice, we grant Zillyette's petition for review in part and remand to the Court of Appeals to properly evaluate the information under *State v. Kjorsvik*, 117 Wn.2d 93, 812 P.2d 86 (1991).

¶2 In April 2009, Rick Green found his son, Austin Burrows, lying lifeless in his bedroom. He had died from an overdose of alprazolam, also known as Xanax, and methadone. From Burrows's cell phone, officers discovered that he had sent a picture to some friends the day before he died of a hand holding some blue oval pills, white rectangular pills, and a white prescription bottle cap. The last person Burrows had called was Zillyette.

¶3 Zillyette told a police detective that she had refilled her prescriptions for methadone and Xanax and met Burrows later in the day. She said that Burrows took a picture of the pills in his hand and that they ingested some of the pills that afternoon and more later that night before Burrows died. The State charged Zillyette with controlled substance homicide. She waived a jury trial, and the superior court found her guilty.

¶4 Zillyette appealed, arguing that her statement to the police detective was not admissible under the corpus delicti rule and that the information failed to allege all of the necessary elements of the crime. The Court of Appeals affirmed the conviction, and Zillyette sought this court's review. We grant the petition for review on the issue of the adequacy of the information.

¶5 A charging document must include all of the essential elements of the crime so that the defendant may

have notice of the nature of the charge. *Kjorsvik*, 117 Wn.2d at 97. But where, as here, an information is challenged for the first time on appeal, it is liberally construed in favor of validity. *Id.* at 105. Under this construction, the court first asks whether the necessary facts appear, or can be found by fair construction, in the information. If so, the court then inquires whether the defendant was nonetheless prejudiced by the unartful language used in the information. *Id.* at 105-06. When the necessary elements cannot be found or fairly implied, prejudice is presumed and reversal is necessary. *State v. McCarty*, 140 Wn.2d 420, 425, 998 P.2d 296 (2000); *Kjorsvik*, 117 Wn.2d at 105-06.

¶6 The Court of Appeals here did not first construe the information to determine whether the necessary facts appeared in or could be fairly construed from the face of the document. Rather, the court simply stated that Zillyette was unable to demonstrate actual prejudice and held that the information was thus sufficient. While the second *Kjorsvik* prong requires the defendant to show actual prejudice as a result of vague charging language, courts do not reach that part of the analysis unless the necessary elements can be fairly found on the face of the information. As we reiterated in *State v. Brown*, 169 Wn.2d 195, 198, 234 P.3d 212 (2010), if the necessary elements are not found explicitly or by fair construction in the charging document, prejudice is presumed and reversal is required (without prejudice to refiling the charge).

¶7 We therefore reverse the Court of Appeals and remand to that court to apply the proper analysis, first considering whether the necessary elements appear in or may be fairly construed from the information. RAP 13.7(b).