[No. 40401-0-II.   Division Two.   June 26, 2012.]

THE STATE OF WASHINGTON, *Respondent*, v. BRENDA JEAN ZILLYETTE, *Appellant*.

*John A. Hays*, for appellant.

*H. Steward Menefee, Prosecuting Attorney*, and *Gerald R. Fuller, Deputy*, for respondent.

¶1 ARMSTRONG, J. — Brenda Jean Zillyette appealed her conviction for controlled substance homicide. In *State v. Zillyette*, 163 Wn. App. 124, 256 P.3d 1288 (2011), we affirmed her conviction, holding that the State presented sufficient evidence independent of Zillyette's statements to establish the corpus delicti of the crime. We also rejected Zillyette's claim that by failing to name the specific controlled substance she allegedly furnished, the information gave her inadequate notice of the charge; we reasoned that even if the information was deficient, Zillyette had not shown prejudice. In *State v. Zillyette*, 173 Wn.2d 784, 786, 270 P.3d 589 (2012), the Supreme Court accepted review and remanded for us to more fully analyze Zillyette's challenge to the sufficiency of the information.

## INFORMATION

¶2 Zillyette argues that the State failed to allege all of the elements of controlled substance homicide in the information. The information alleged

[t]hat the said defendant, Brenda J. Zillyette, in Grays Harbor County, Washington, on or about March 31,-April 1, 2009 did unlawfully deliver a controlled substance to Austin Burrows in violation of RCW 69.50.401, which controlled substance was subsequently used by Austin Burrows, resulting in his death; Contrary to RCW 69.50.415 and against the peace and dignity of the State of Washington.

Clerk's Papers at 1.

¶3  RCW 69.50.415(1) provides, "A person who unlawfully delivers a controlled substance in violation of RCW 69.50-.401(2)(a), (b), or (c) which controlled substance is subsequently used by the person to whom it was delivered, resulting in the death of the user, is guilty of controlled substances homicide." Zillyette contends that by failing to allege the specific controlled substances that were delivered to Burrows, the State failed to allege a crime.

¶4 A charging document must include all of the essential elements of the crime so that the defendant has notice of the nature of the charge. *State v. Kjorsvik*, 117 Wn.2d 93, 97, 812 P.2d 86 (1991). Where, as here, the defendant challenges the information for the first time on appeal, we liberally construe it in favor of validity. *Kjorsvik*, 117 Wn.2d at 105. We first ask whether the necessary facts appear, or can be found by fair construction, in the information. If so, we then ask whether the defendant was nonetheless prejudiced by the unartful language in the information. *Kjorsvik*, 117 Wn.2d at 105-06. If we cannot explicitly or by implication find the necessary elements, we presume prejudice and must reverse. *State v. McCarty*, 140 Wn.2d 420, 425, 998 P.2d 296 (2000).

¶5 The identity of a controlled substance is an element of the offense if it aggravates the maximum sentence a court could impose. *State v. Goodman*, 150 Wn.2d 774, 786, 83 P.3d 410 (2004). Controlled substance homicide is a class B felony, regardless of which controlled substance was delivered. RCW 69.50.415(2). Because the identity of the controlled substance does not aggravate the maximum

sentence for the crime, it is not an essential element of controlled substance homicide. Thus, a liberal reading of this information includes all essential elements.

¶6 Moreover, when a defendant challenges the information for the first time on appeal, she must show that she was actually prejudiced by the vague language used in the information, meaning she did not receive actual notice of the charges that she had to defend against. *Goodman*, 150 Wn.2d at 789-90. Zillyette does not contend that she was actually misled by the information and expressed no confusion at trial about the specific identity of the controlled substance at issue. Accordingly, we hold that the information was sufficient.

¶7 We affirm.

WORSWICK, C.J., and HUNT, J., concur.

Review granted at 175 Wn.2d 1022 (2012).