IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34653-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JOEL GALVAN-SERRANO, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Joel Galvan-Serrano was convicted of two counts of being an alien in possession of a firearm in violation of RCW 9.41.171. We affirm.

BACKGROUND

Joel Galvan-Serrano was convicted after a stipulated facts trial of two counts of being an alien in possession of a firearm. The information describes the charges as follows:

> That the said JOEL GALVAN-SERRANO in the County of Chelan, State of Washington, on or about May 11, 2016, did then and there unlawfully, feloniously and knowingly possess a firearm, to wit: a rifle, and at said time was not a lawful permanent resident of the United States of America, had not obtained a valid alien firearm license pursuant to RCW 9.41.173, and did not then possess a valid passport and visa showing he or she was lawfully within the United States of America; contrary to RCW 9.41.171, and against the peace and dignity of the State of Washington.

Clerk's Papers (CP) at 8-9.[1]

---

[1] The language is identical for both charges.

No. 34653-6-III
*State v. Galvan-Serrano*

In his appeal, Mr. Galvan-Serrano's sole argument is that the State's information

failed to provide sufficient notice of the crime charged.

ANALYSIS[2]

Mr. Galvan-Serrano was convicted of two violations of RCW 9.41.171, alien in

possession of a firearm, that provides:

> It is a class C felony for any person who is not a citizen of the United States to carry or possess any firearm, unless the person: (1) Is a lawful permanent resident; (2) has obtained a valid alien firearm license pursuant to RCW 9.41.173; or (3) meets the requirements of RCW 9.41.175.

To provide constitutionally sufficient notice, an information must allege every

element of the crime charged. *State v. Nonog*, 169 Wn.2d 220, 226, 237 P.3d 250 (2010);

*State v. Kjorsvik*, 117 Wn.2d 93, 101, 812 P.2d 86 (1991). But where, as here, a

challenge to an information is raised for the first time on appeal, we liberally construe the

information in favor of validity. *State v. Zillyette*, 173 Wn.2d 784, 785-86, 270 P.3d 589

(2012). We first analyze "whether the necessary facts appear, or can be found by fair

---

[2] In its brief, the State requests Mr. Galvan-Serrano's appeal be dismissed because his notice of appeal only designated the trial court's suppression ruling. *See* RAP 2.4(a). However, Mr. Galvan-Serrano did file an amended notice of appeal, broadly covering his entire judgment and sentence. Although it would have been preferable for defense counsel to have filed a motion requesting leave to file an amended notice of appeal, we decline to dismiss Mr. Galvan-Serrano's appeal on the procedural grounds suggested by the State.

2

construction, in the information." *Id*. at 786. "If so, the court then inquires whether the defendant was nonetheless prejudiced by the unartful language used in the information." *Id*. "When the necessary elements cannot be found or fairly implied, prejudice is presumed and reversal is necessary." *Id*.

Mr. Galvan-Serrano contends the information failed to inform him the State was required to prove he did not meet the requirements of RCW 9.41.175. We disagree.

RCW 9.41.175 provides, in pertinent part:

> (1) A nonimmigrant alien, who is not a resident of Washington or a citizen of Canada, may carry or possess any firearm without having first obtained an alien firearm license if the nonimmigrant alien possesses:
> (a) A valid passport and visa showing he or she is in the country legally;
> (b) If required under federal law, an approved United States department of justice ATF-6 NIA application and permit for temporary importation of firearms and ammunition by nonimmigrant aliens; and
> (c)(i) A valid hunting license issued by a state or territory of the United States; or
> (ii) An invitation to participate in a trade show or sport shooting event being conducted in this state, another state, or another country that is contiguous with this state.
> (2) A citizen of Canada may carry or possess any firearm so long as he or she possesses:
> (a) Valid documentation as required for entry into the United States;
> (b) If required under federal law, an approved United States department of justice ATF-6 NIA application and permit for temporary importation of firearms and ammunition by nonimmigrant aliens; and
> (c)(i) A valid hunting license issued by a state or territory of the United States; or

3

(ii) An invitation to participate in a trade show or sport shooting event being conducted in this state, another state, or another country that is contiguous with this state.

Thus, in order to fall under the provisions of RCW 9.41.175(1), a person must have valid documentation, such as a passport with the appropriate visa, showing the person is in the United States legally. Similarly, for a Canadian citizen to fall under RCW 9.41.175(2), he or she must possess valid documentation authorizing entry into the United States. The information here alleges Mr. Galvan-Serrano was a nonimmigrant alien in possession of a firearm who "did not then possess a valid passport and visa showing he or she was lawfully within the United States of America." CP at 9. Using a liberal construction, this language was sufficient to put Mr. Galvan-Serrano on notice that he did not comply with the requirements of RCW 9.41.175.

Mr. Galvan-Serrano makes no claim that he was prejudiced by any unartful wording in the State's information. Our independent review of the record suggests no prejudice. Given these circumstances, Mr. Galvan-Serrano's challenge to the information fails.[3]

---

[3] Because we find the information sufficient to place Mr. Galvan-Serrano on notice of RCW 9.41.175, we need not address the State's argument that this statute sets forth elements of an affirmative defense, as opposed to the crime charged.

4

No. 34653-6-III
*State v. Galvan-Serrano*

## CONCLUSION

Mr. Galvan-Serrano's judgment and sentence is affirmed on the merits. His request that we not impose appellate costs is left to the authority of the appellate court commissioner, should the State seek costs under RAP 14.2.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____    _____
Lawrence-Berrey, A.C.J.          Siddoway, J.

5