[No. 10319-6-III.   Division Three.   August 6, 1991.]

THE STATE OF WASHINGTON, *Respondent*, v. GUSTAVO B. SANCHEZ, *Appellant*.

330

*Thomas Bothwell* and *Prediletto Halpin Law Firm,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Robert R. Northcott, Deputy,* for respondent.

THOMPSON, J. — Gustavo B. Sanchez was convicted by a jury of vehicular homicide and felony hit and run. He appeals his conviction for vehicular homicide, contending the amended information charging him with that crime was deficient. We affirm.[1]

Jose Hernandez and Catalino Morales went for a ride in a car driven by Mr. Sanchez. The car was traveling 50 to 55 m.p.h. when it left the road. It went over an embankment and plunged into an irrigation canal filled with water. Mr. Sanchez got out of the car and canal and fled the scene. Mr. Hernandez likewise was able to get out of the car and tried to help Mr. Morales. However, Mr. Morales drowned before he could be rescued.

Mr. Sanchez was charged by a 2-count information. Count 1 alleged vehicular homicide. Count 2 alleged

---

[1]This case was stayed pending a decision in *State v. Kjorsvik,* 117 Wn.2d 93, 812 P.2d 86 (1991).

felony hit and run and is not at issue in this appeal. The sole issue presented is whether count 1 of the information informed Mr. Sanchez of all the elements of vehicular homicide.

Mr. Sanchez contends vehicular homicide requires proof of a proximate causal relationship between the fatal accident and the driver's impairment due to alcohol, reckless driving, or disregard for the safety of others. As an essential element, he contends the causal relationship must be included in the charging document. We agree.

■■ *State v. MacMaster*, 113 Wn.2d 226, 778 P.2d 1037 (1989) acknowledged that a literal reading of the vehicular homicide statute would not require a causal connection between the victim's death and the defendant's alcohol consumption.[2] However, to avoid a strict liability result, a causal connection has been engrafted on the statute. *MacMaster*, at 231, and cases cited therein. Consequently, a proximate causal relationship between (a) the victim's death and the defendant's reckless driving or (b) the victim's death and the defendant's disregard for the safety of others or (c) the victim's death and the defendant's intoxication is a nonstatutory element of vehicular homicide. As recently clarified in *State v. Kjorsvik*, 117 Wn.2d 93, 812 P.2d 86 (1991), nonstatutory elements must be included in the charging document.

At an omnibus hearing 1 week before trial, count 1 of the original information was amended, purportedly to "coincide with the language" of RCW 46.61.520(1).[3] Count 1, as amended, reads as follows:

---

[2]In *MacMaster*, unlike this case, the proximate cause issue was raised with regard to whether a jury instruction was correct. Although *MacMaster* recognizes the nonstatutory element of a proximate causal relationship and requires that this element be included in a jury instruction, it is not dispositive of the issue whether failure to include this element in an information charging vehicular homicide constitutes prejudicial charging error.

[3]Former RCW 46.61.520(1) states:
"When the death of any person ensues within three years as a proximate result of injury proximately caused by the driving of any vehicle by any person

[W]hile under the influence of intoxicating liquor or drugs; or by operation of a vehicle in a reckless manner; or with disregard for the safety of others, [Mr. Sanchez] did drive a vehicle injuring Catalino C. Morales, whose death was the proximate result of that injury.

Before allowing the amendment, the trial court asked defense counsel if he had any objections. The following ensued:

[COUNSEL]: I do object, Judge, since the prior amendment requires the prosecution to prove both the intoxicating liquor and operation in a reckless manner.

THE COURT: Do you have objections based on the statutory language, however, that is in the alternative, not —

[COUNSEL]: I believe the State can prove this type offense was committed in two alternative fashions, yes.

THE COURT: That being the case, I'm going to allow the amendment. I realize from that standpoint you filed a request for omnibus, is that correct?

Defense counsel responded affirmatively, then advised the court that

[t]he defense in this case would be, as far as the immediate cause of the accident, was the action of the deceased grabbing the steering wheel and pulling the wheel to the side causing the vehicle to swerve off the roadway into an irrigation ditch.

Defense counsel asked for a bill of particulars as to what evidence would be offered to prove reckless driving and disregard for the safety of others. After the prosecution responded, the court asked if the answer was sufficient. Defense counsel stated:

Your Honor, as I hear the State, in addition to drinking, which would be contained in the first prong of the information, the State is alleging excessive speed and traveling along the edge of the road, failing to control the vehicle, is that correct . . .?

The prosecution said yes.

■ At no time before appeal did defense counsel challenge the sufficiency of the information. *Kjorsvik* held

---

while under the influence of intoxicating liquor or any drug, as defined by RCW 46.61.502, or by the operation of any vehicle in a reckless manner or with disregard for the safety of others, the person so operating such vehicle is guilty of vehicular homicide."

that such a challenge may be raised for the first time on appeal, but the appellate court will more liberally construe language in favor of finding the charging document valid than in those instances where the challenge arises before or during trial. *Kjorsvik*, at 102. The following standard was adopted:

> (1) [D]o the necessary facts appear in any form, or by fair construction can they be found, in the charging document; and, if so, (2) can the defendant show that he or she was nonetheless actually prejudiced by the inartful language which caused a lack of notice?

*Kjorsvik*, at 105-06.

Can a causal connection between the criminal conduct (intoxication, disregard, or recklessness) and the victim's death be fairly implied from the information charging Mr. Sanchez? We think it can. There is "some language" giving notice of the "missing element" when the information is "read as a whole" and "construed according to common sense". *Kjorsvik*, at 106, 109. The information alleged that "while under the influence . . . or by operation of a vehicle in a reckless manner; or with disregard for the safety of others, [Mr. Sanchez] did drive a vehicle injuring [the victim], whose death was the proximate result of that injury."

Having determined that all necessary facts were contained in the information, we turn to the second prong of the inquiry set forth in *Kjorsvik*. That is, can Mr. Sanchez show that he was nonetheless actually prejudiced by the inartful language in the information?

It is abundantly clear from the record here that both the prosecutor and defense counsel, the court, and the jury were aware of the nonstatutory proximate causation requirement at all relevant times. In addition to the discussion which ensued at the omnibus hearing in connection with the amendment of the information and the request for a bill of particulars, the following indicates the lack of prejudice.

At the pretrial hearing, defense counsel presented two oral motions in limine. One of the motions pertained to a photograph of Mr. Morales in the car which the prosecution intended to introduce in evidence. Defense counsel argued as follows:

> It is not disputed that Mr. Morales died as a result of the accident or that the mechanism of death was that he was pinned underneath the car by his right arm and drowned in the canal because of that. And so the photograph depicting his dead body in the vehicle is not, I believe, probative to any *issue* that is *before the jury*, which is specifically *the driving and* specifically Mr. Sanchez's *state of intoxication,* if any, *relating to the cause of the accident . . ..*

(Italics ours.) In response to defense counsel's argument, the prosecution argued:

> There'd be, I anticipate, the defendant testifying that the victim himself caused the accident, which we'd like to show, there again, how he was situated in the car.

Defense counsel's second motion in limine related to opinion testimony of a trooper which the prosecution intended to offer. With regard to this testimony, defense counsel argued:

> As I understand it, the State intends to offer some kind of testimony through Trooper Armstrong that because there was no braking, that the death occurred as a result of the fact that the car had sufficient momentum to go off the road and over a hump or ditch alongside the road and then into the canal. As I understand it the testimony that they seek to offer is an opinion that if there had been braking, that the car would not have reached the point to the edge of the canal where it would have essentially — well, while it was slowing down or slowed to almost a stop, tip over on its right side into the canal. And I do not believe that there is a proper evidentiary foundation for such an opinion, nor is Trooper Armstrong an expert on that particular issue, and any opinion that he would offer would be merely a speculative opinion on what possibly might or might not have happened if braking had occurred.

Finally, the jury received the following instruction:

> To constitute vehicular homicide, there must be a causal connection between the death of a human being and the

criminal conduct of a defendant so that the act done was a proximate cause of the resulting death.

The term "proximate cause" means a cause which, in a direct sequence, unbroken by any new independent cause, produces the death, and without which the death would not have happened.[4]

We conclude the information charging Mr. Sanchez with vehicular homicide was sufficient to afford him reasonable notice of the elements of the charge against him and he suffered no prejudice from the manner in which the crime was charged. There is no reversible error.

Conviction affirmed.

GREEN, C.J., and SHIELDS, J., concur.

---

[4]In addition to instruction 7, the jury received the following instruction:
"INSTRUCTION NO. 5
"To convict the defendant of the crime of vehicular homicide, each of the following elements of the crime must be proved beyond a reasonable doubt:
"(1) That on or about the 20th day of July, 1988, the defendant drove or operated a vehicle;
"(2) That at the time the defendant
   "(a) was under the influence of intoxicating liquor and *that condition was a proximate cause of injury* to another person, or
   "(b) operated the vehicle in a reckless manner and *thereby proximately caused injury* to another person, or
   "(c) operated the motor vehicle with disregard for the safety of others and *thereby proximately caused injury* to another person.
"(3) That the injured person died as a proximate result of the injuries, and
"(4) That the injury occurred in Yakima County, Washington." (Italics ours.)