170 P.3d 75 (2007)
STATE of Washington, Respondent,
v.
Emmanuel TELLEZ, Appellant.
No. 58155-4-I.
Court of Appeals of Washington, Division 1.
October 29, 2007.
*76 Jennifer M. Winkler, Nielson, Broman & Koch, PLLC, Seattle, WA, for Appellant.
Dennis John McCurdy, King County Prosecutor's Office, Seattle, WA, for Respondent.
AGID, J.
¶ 1 Emmanuel Tellez challenges his conviction for felony telephone harassment based on a threat to kill. He contends that a true threat is an essential element of his crime and that, because it was not included in the information charging him or the "to convict" instruction, his conviction must be reversed. While we agree that the threat must be a true threat, there is no basis on which to hold that this definitional concept must be included in an information or "to convict" instruction. We affirm.

FACTS
¶ 2 Tellez left a message on his girlfriend's answering machine threatening to kill her and her daughter. The State charged him with felony telephone harassment based on a threat to kill.[1] Although neither the information nor the "to convict" instruction mentioned that the threat must be a true threat, the trial court instructed the jury that:
A true threat is a statement made in a context or under such circumstances where a reasonable person would foresee that the statement would be interpreted as a serious expression of intention to carry out the threat.
The jury found Tellez guilty of felony telephone harassment based on a threat to kill. Although Tellez did not challenge the information or "to convict" instruction below, he now appeals based on the absence of true threat language in both.

DISCUSSION
¶ 3 Because threats are a form of pure speech, a statute criminalizing threatening language "`must be interpreted with the commands of the First Amendment clearly in *77 mind.'"[2] Washington courts have consistently interpreted statutes criminalizing threatening language as proscribing only true threats, which are not protected by the First Amendment.[3] A true threat is a "`statement made in a context or under such circumstances wherein a reasonable person would foresee that the statement would be interpreted . . . as a serious expression of intention to inflict bodily harm upon or to take the life' of another person."[4] Charging documents and "to convict" instructions must include all the essential elements of the crime charged.[5] An essential element of a crime is one that must be proven to "establish the very illegality of the behavior[.]"[6] And an element need not be listed in the statute defining the crime to be considered essential.[7]
¶ 4 Tellez argues that a true threat is an essential element of the crime of felony telephone harassment, RCW 9.61.230(2)(b), that must be plead in an information and defined in a "to convict" instruction. He relies on the Washington Supreme Court's recent decision in State v. Johnston reversing a conviction under the bomb threat statute, RCW 9.61.160, for failure to define true threat for the jury.[8] He argues that Johnston holds that a true threat is an essential element that must be proven to the jury in any case involving a statute criminalizing the use of threatening language. But, as the State correctly asserts, Tellez overstates the holding in Johnston. The Johnston court merely held that the trial court erred by refusing to give a limiting instruction explaining that the bomb threat statute criminalizes only true threats.[9] Here, that defect was cured by the court's instruction defining true threat for the jury. The Johnston court did not rule that a true threat is an essential element of the crime of threatening to bomb a building. It did not require that the information charging the defendant with criminal use of threatening language allege a true threat. Nor did it rule that a "to convict" instruction is inadequate if it does not require the jury to find a true threat beyond a reasonable doubt. No Washington court has ever held that a true threat is an essential element of any threatening-language crime or reversed a conviction for failure to include language defining what constitutes a true threat in a charging document or "to convict" instruction. We decline to go any further than the Supreme Court because it is not necessary. So long as the court defines a true threat for the jury, the defendant's First Amendment rights will be protected.
¶ 5 The State contends that the constitutional concept of true threat merely defines and limits the scope of the essential threat element in the felony telephone harassment statute and is not itself an essential element of the crime. We agree. In Johnston, the Supreme Court held that, in the context of the bomb threat statute, it is error not to give a limiting instruction defining threat to include only true threats.[10] The court thus characterizes the true threat concept as definitional but not as an essential element of any threatening-language crime. We hold that the essential element in the crime of telephone harassment is a threat which must *78 be defined for the jury as a true threat. Because the true threat concept itself is not an essential element of felony telephone harassment based on a threat to kill, it need not be included in the charging document or "to convict" instruction.[11]
¶ 6 We affirm.
WE CONCUR: AGID, BAKER and COLEMAN, JJ.
NOTES
[1] Tellez was also charged with assault in the second degree and unlawful possession of a firearm. Although the jury was hung on both these charges, he later pleaded guilty to unlawful possession of a firearm. Because he appeals only the felony telephone harassment conviction on a purely legal basis, we include only the facts relevant to that legal issue.
[2] State v. Williams, 144 Wash.2d 197, 207, 26 P.3d 890 (2001) (quoting Watts v. United States, 394 U.S. 705, 707, 89 S.Ct. 1399, 22 L.Ed.2d 664 (1969)).
[3] State v. Kilburn, 151 Wash.2d 36, 43, 84 P.3d 1215 (2004); Williams, 144 Wash.2d at 208, 26 P.3d 890; State v. J.M., 144 Wash.2d 472, 477-78, 28 P.3d 720 (2001).
[4] Kilburn, 151 Wash.2d at 43, 84 P.3d 1215 (alteration in original) (internal quotation marks omitted) (quoting Williams, 144 Wash.2d at 208-09, 26 P.3d 890).
[5] State v. Kjorsvik, 117 Wash.2d 93, 97, 812 P.2d 86 (1991) (citing CONST. art. I, § 22 (amend. 10); U.S. CONST. amend. VI); State v. Williams, 158 Wash.2d 904, 917, 148 P.3d 993 (2006) (failure to include an essential element in a "to convict" instruction is reversible error).
[6] State v. Johnson, 119 Wash.2d 143, 147, 829 P.2d 1078 (1992) (citing United States v. Cina, 699 F.2d 853, 859 (7th Cir.), cert. denied, 464 U.S. 991, 104 S.Ct. 481, 78 L.Ed.2d 679 (1983)).
[7] Id. (citing Kjorsvik, 117 Wash.2d at 101, 812 P.2d 86).
[8] 156 Wash.2d 355, 366, 127 P.3d 707 (2006).
[9] Id. at 364, 127 P.3d 707.
[10] 156 Wash.2d at 364, 127 P.3d 707.
[11] Although it is unnecessary to our holding, it also appears that the alleged errors do not warrant reversal because Tellez was not prejudiced by any failure to include true threat language in the information or "to convict" instruction. Under Kjorsvik, the facts alleged in the information should have put Tellez on notice that he was accused of making a true threat, and he cannot show how he was prejudiced by the absence of explicit true threat language. 117 Wash.2d at 111, 812 P.2d 86 (There is no reversible error if the information "was sufficient to give the defendant reasonable notice of the elements of the charge against him" and "he suffered no prejudice from the manner in which the crime was charged."). And, any alleged error for failing to include true threat language in the "to convict" instruction was harmless because it is clear beyond a reasonable doubt that the jury would have found that Tellez made a true threat based on the facts of the case and the definitional instruction provided. See Williams, 158 Wash.2d at 917, 148 P.3d 993 (failure to include an essential element in a "to convict" instruction requires reversal unless it was harmless) (citing Neder v. United States, 527 U.S. 1, 9, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999)).