IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

STATE OF WASHINGTON,                    )
                                        )        No. 35428-8-III
                    Respondent,         )
                                        )
        v.                              )
                                        )
JAMIE LYNNE HUGDAHL,                    )        UNPUBLISHED OPINION
                                        )
                    Appellant.          )

KORSMO, J. — Jamie Hugdahl appeals from jury verdicts determining that she

delivered controlled substances on four occasions while within 1,000 feet of a school bus

stop. Concluding that the jury instructions were proper and that the charging documents,

liberally construed, provided adequate notice of the school bus stop enhancement, we

affirm.

FACTS

The multiple charging documents filed against Ms. Hugdahl consistently alleged

that she committed the four drug deliveries within 1,000 feet of a "school bus route."

Clerk's Papers (CP) at 58-59. She never challenged any of the charging documents, but

did assert a defense of entrapment. CP at 32. The court instructed the jury on the

defense; the instruction told jurors that they must find the defendant not guilty if she established the existence of entrapment by a preponderance of the evidence. CP at 34.

Consistent with the pattern jury instructions, each of the four elements instructions told jurors that if they found the respective elements proved beyond a reasonable doubt, "it will be your duty to return a verdict of guilty." CP at 23-26. The four special verdict forms directed the jury to answer yes or no whether the drug deliveries occurred within 1,000 feet of a "school bus route stop." CP at 51, 53, 55, 57.

The jury convicted Ms. Hugdahl as charged and answered "yes" on each of the four special verdicts. CP at 51-57. The court imposed standard range sentences of 64 months that included a 24 month enhancement due to the special verdicts. Ms. Hugdahl timely appealed to this court. A panel considered her appeal without hearing argument.

## ANALYSIS

Ms. Hugdahl contends that the elements instructions were flawed by failure to cross-reference the entrapment instruction, that her counsel was ineffective for not challenging the elements instructions, and that the charging document did not inform her that the enhancement applied only to a school bus route "stop." Treating the first two issues as one contention, we first address the elements instruction before turning to the challenge of the charging document.

*Elements Instruction*

Ms. Hugdahl argues that because the standard elements instructions did not mention her affirmative defense, they conflicted with the entrapment instruction and were invalid.  She also argues that her attorney performed deficiently by failing to challenge the instruction.

This challenge was waived by failure to present it to the trial court.  RAP 2.5(a); *State v. Scott*, 110 Wn.2d 682, 685, 757 P.2d 492 (1988).  RAP 2.5(a)(3) permits a party to raise initially on appeal a claim of "manifest error affecting a constitutional right." This authority is permissive; an appellate court will refuse to consider such issues if the record is not sufficient to permit review of the claim.  *State v. McFarland*, 127 Wn.2d 322, 899 P.2d 1251 (1995).  If the record is not adequate to review the claim, it is not "manifest" within the meaning of the rule.  *Id*. at 333.

The failure to challenge a jury instruction is a classic instance of waiver.  *Scott*, 110 Wn.2d at 689-691.  Due process requires only that the jury properly be instructed on the elements of the offense and on the State's burden to prove the case beyond a reasonable doubt.  *Id*. at 690.  That was done here.  The allegation that the separate entrapment instruction conflicted with the elements instructions is not preserved for review.

Anticipating this result, Ms. Hugdahl contends that her counsel performed deficiently by not objecting to the instructions.  To prevail on such a claim, she would

have to show both that her attorney erred so significantly that he failed to live up to the standards of the profession and that the error prejudiced her. *Strickland v. Washington*, 466 U.S. 668, 688-692, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *McFarland*, 127 Wn.2d at 334-335. The entrapment instruction informed the jury on what it must do if it determined that Ms. Hugdahl was entrapped into committing the offenses, while the elements instructions told the jurors what to do if the State proved its case beyond a reasonable doubt or if it failed to do so. They did not conflict. Although it may have been simpler to combine some aspects of the instructions into one instruction, no authority requires such action. Ms. Hugdahl has not established that her attorney erred.

She also has not established that she was prejudiced from this alleged error. The jury was instructed on her defense and told to return not guilty verdicts if it found that she had been entrapped. She was able to argue her theory of the case. The jury could easily harmonize the entrapment and elements instructions. There has been no demonstration of harm.

Ms. Hugdahl failed to establish that her counsel performed deficiently.

*Charging of Enhancements*

Ms. Hugdahl also argues that the charging documents were defective by incorrectly stating the enhancement applicable to her charges. The deficiency in the charging document actually gave her more notice than was necessary. Liberally construed, the final amended information did provide constitutionally adequate notice.

RCW 69.50.435(1)(c) provides a sentence enhancement for drug delivery offenses committed within 1,000 feet of a school bus route stop.[1] The charging documents, however, consistently alleged that Ms. Hugdahl committed the four offenses within 1,000 feet of a school bus route and made no mention of the bus stop. The jury was properly instructed that it needed to determine if the offenses occurred within 1,000 feet of a bus route stop.

Ms. Hugdahl did not challenge the enhancement until this appeal. In that circumstance, well settled standards govern our review. "All essential elements of a crime, statutory or otherwise, must be included in a charging document in order to afford notice to an accused of the nature and cause of the accusation against him." *State v. Kjorsvik*, 117 Wn.2d 93, 97, 812 P.2d 86 (1991). When challenged for the first time after a verdict has been returned, courts will liberally construe the document to see if the necessary facts can be found. If not, the charge will be dismissed without prejudice. Even if the charge is stated, a defendant who shows prejudice from "inartful" pleading also receives a dismissal of charges without prejudice. *Id*. at 105-106. The initial question to be answered is whether "the necessary facts appear in any form, or by fair construction can they be found, in the charging document." *Id*. at 105. The liberal

---

[1] This enhancement adds 24 months to the offender's sentence range. RCW 9.94A.533(6).

construction standard for belated challenges is designed to discourage "sandbagging" by withholding a challenge that could otherwise be timely remedied. *Id*. at 103.

We believe that the necessary facts are found in the charging document if we liberally construe that document.[2] The numerous informations repeatedly advised Ms. Hugdahl that she was alleged to have committed the four deliveries within 1,000 feet of a school bus route in violation of RCW 69.50.435. Bus routes have bus stops; a bus stop is part of a bus route. Advising a defendant that the crimes were committed within 1,000 feet of a bus route necessarily included any bus stops along that route. Liberally construed, a bus route includes a bus stop.

The record also does not disclose any prejudice to Ms. Hugdahl from the inartful language. The relationship between the location of the drug deliveries and the bus stop was not at issue in the case. The entirety of the defense closing argument related to the entrapment defense. No issues were raised about what the defendant was alleged to have done or where she did it, nor were any concerns argued about the State's case. There is no suggestion she did not understand about the enhancement or its application to the case. The issue simply was not a concern for the defense at trial.

---

[2] We have reached the same result with related charging document challenges to the school bus route stop enhancement in a series of unpublished cases. *E.g.*, *State v. Moore*, noted at 145 Wn. App. 1038 (2008); *State v. Hopwood*, noted at 138 Wn. App. 1009 (2007); *State v. Jones*, noted at 117 Wn. App. 1016 (2003); *see* GR 14.1.

The error in omitting the word "stop" from the charging document was not of such significance that it deprived Ms. Hugdahl of notice of the enhancement the prosecutor was seeking, nor has she demonstrated that she was prejudiced by the error. For both reasons, her belated challenge to the charging document is without merit.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

I CONCUR:

Pennell, J.

No. 35428-8-III

LAWRENCE-BERREY, C.J. (dissenting) — The majority errs by rejecting Jamie

Hugdahl's postverdict challenge to the charging document. Because the necessary facts

do not appear by fair construction in the charging document, I dissent.

"All essential elements of a crime, statutory or otherwise, must be included in a

charging document in order to afford notice to an accused of the nature and cause of the

accusation against him." *State v. Kjorsvik*, 117 Wn.2d 93, 97, 812 P.2d 86 (1991). The

majority correctly notes, when a defendant's first challenge to the charging document is

postverdict, courts liberally construe the document to see if the necessary facts can be

found or fairly implied. And if not, the charges—or in this case the enhancements—will

be dismissed without prejudice. Dismissal is required, and the defendant is not required

to additionally establish prejudice. This is because prejudice is presumed when the

necessary facts cannot be found or fairly implied in the charging document. *State v.*

*McCarty*, 140 Wn.2d 420, 425-26, 998 P.2d 296 (2000) (citing *Kjorsvik*, 117 Wn.2d at

105-06).

Here, the charging document alleged that all four controlled substance deliveries

committed by Ms. Hugdahl occurred "within one thousand feet of a school bus route

designated by the school district in violation of [RCW] 69.50.435[(1)(c)]." Clerk's

Papers at 58-59. But a person who delivers controlled substances within 1,000 feet of a designated school bus route does not violate the statutory aggravator. Instead, the statutory aggravator is violated when a person delivers controlled substances within 1,000 feet of a designated school bus route *stop*. The majority commits a logical fallacy by equating a bus route with a bus route stop. A bus route is not a bus route stop. A person can be within 1,000 feet of a bus route and still be one mile from a bus route stop. Because a bus route is not a bus route stop, I dissent.

Lawrence-Berrey, C.J.