

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37232-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER BACON, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Christopher Bacon was found guilty of possession of a stolen vehicle

and making or possessing a motor vehicle theft tool. On appeal, he challenges only the

second conviction because the information omitted the crime's intent element. The State

concedes and agrees the conviction should be reversed but maintains that it should be

dismissed without prejudice. We hold that mens rea is an essential element of making or

possessing motor vehicle theft tools under RCW 9A.56.063(1), reverse the challenged

conviction, and dismiss it without prejudice.

FACTS

Mr. Bacon was a front-seat passenger in a stolen 1991 Honda Accord when a

police officer stopped the car. The driver and Mr. Bacon were ordered out of the vehicle,

detained, and frisked. Mr. Bacon had a brass-colored metal punch commonly used to

break vehicle windows in his front pocket. A search incident to Mr. Bacon's arrest revealed a key ring of shaved keys on the front passenger seat of the car, a shaved GM key in the ignition, and more shaved keys on the key ring attached to the GM key. Another shaved key was discovered in one of Mr. Bacon's back pockets.

Mr. Bacon was charged by information with felony possession of a stolen motor vehicle and the gross misdemeanor charge of making or possessing a motor vehicle theft tool. A jury convicted him of both counts.

ANALYSIS

For the first time on appeal, Mr. Bacon contends that the information was constitutionally deficient as to the charge of possessing motor vehicle theft tools because it failed to include the necessary intent element of the crime. While the general rule prohibits raising an issue for the first time on appeal, an exception applies for a "manifest error affecting a constitutional right." RAP 2.5(a). An accused has the right under our State and Federal Constitutions to be informed of the charges filed against him. U.S. CONST. amend. VI; CONST. art. 1, § 22 (amend. 10). Washington recognizes that a charging document that fails to include all necessary elements of a crime raises such a constitutional challenge. *State v. Haberman*, 105 Wn. App. 926, 933, 22 P.3d 264 (2001).

A constitutional challenge to a charging document is reviewed de novo. *State v. Goss*, 186 Wn.2d 372, 376, 378 P.3d 154 (2016). However, when a charging document

2

is challenged for the first time on appeal, we liberally construe the document. *State v.*

*McCarty*, 140 Wn.2d 420, 425, 998 P.2d 296 (2000). When the information is read

liberally, the document will be found sufficient "if the necessary elements appear in any

form, or by fair construction may be found, on the face of the document." *Id.* On the

other hand, "[i]f the document cannot be construed to give notice of or to contain in some

manner the essential elements of a crime, the most liberal reading cannot cure it." *State*

*v. Campbell*, 125 Wn.2d 797, 802, 888 P.2d 1185 (1995).

In this case, Mr. Bacon asserts that count two of the information failed to include

the necessary element of intent. Specifically regarding that count, the information

alleged:

> COUNT II: MAKING OR POSSESSING A MOTOR VEHICLE THEFT
> TOOL, committed as follows: That the defendant, CHRISTOPHER
> BACON, in the State of Washington, on or about May 15, 2019, did
> possess a motor vehicle theft tool or implement that has been adapted,
> designed or is commonly used in the commission of motor vehicle related
> theft, to-wit: a SHAVED KEYS, allowing the motor vehicle theft tool to be
> used or employed in the commission of motor vehicle theft.

Clerk's Papers at 6.

The first question to address is whether mens rea is a necessary element of the

crime of making or possessing a motor vehicle theft tool.

The relevant statute provides:

> Any person who makes or mends, or causes to be made or mended, uses, or
> has in his or her possession any motor vehicle theft tool, that is adapted,
> designed, or commonly used for the commission of motor vehicle related

> theft, under circumstances *evincing an intent to use* or employ, or allow the same to be used or employed, in the commission of motor vehicle theft, or *knowing* that the same is intended to be so used, is guilty of making or having motor vehicle theft tools.

RCW 9A.56.063(1) (emphasis added).

The statute provides alternatives means of committing the crime. Under the first alternative, the necessary mens rea requires the State to prove circumstances evincing an intent to use, employ, or allow the tool to be used or employed. As the State points out, under the "series-qualifier canon" of statutory construction, the phrase "under circumstances evincing an intent" modifies both phrases "to use or employ" as well as "allow the same to be used or employed." *See Porto Rico Ry., Light & Power Co. v. Mor*, 253 U.S. 345, 348, 40 S. Ct. 516, 64 L. Ed. 944 (1920); *see also* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 147 (2012).[1]

Alternatively, the State could prove that the defendant knew the tool was intended to be used in the theft of a motor vehicle. These alternatives require proof of either intent or knowledge. Thus, mens rea is a necessary element of making or possessing motor vehicle theft tools under RCW 9A.56.063(1).

---

[1] The State sets forth significant and appreciable analysis on the rules of construction in its brief.

4

The Constitution requires a charging document to include all the necessary elements of a crime. *State v. Kjorsvik*, 117 Wn.2d 93, 97, 812 P.2d 86 (1991). While it is not necessary to use the exact language of a statute, the language used must convey the same meaning. *Id.* at 108. The information in this case, when viewed as a whole, failed to notify Mr. Bacon that the crime was committed with intent or knowledge, even when read liberally.

We reverse and dismiss without prejudice Mr. Bacon's conviction on count two: making or possessing a motor vehicle theft tool.

_____
Staab, J.

WE CONCUR:

_____
Siddoway, A.C.J.

_____
Lawrence-Berrey, J.