# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53485-1-II |
| Respondent, | |
| v. | |
| MATTHEW BENJAMIN LABOUNTY, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, J. – Matthew LaBounty was convicted of unlawful possession of a firearm; on appeal, he argues that the charging document was insufficient because it omitted the essential element of knowledge. We agree.

## FACTS

LaBounty was charged with unlawful possession of a firearm in the first degree in Grays Harbor County. The underlying facts of the incident are not relevant to this appeal. The information filed by the State alleged that LaBounty

> having previously been convicted or found not guilty by reason of insanity in this state of a serious offense, to-wit: Burglary in the First Degree, did *unlawfully* own or have in his possession or control a firearm, to wit: a .22 LR Taurus revolver; CONTRARY TO RCW 9.41.040(1)(a) & (b) and against the peace and dignity of the State of Washington.

Clerk's Papers at 1 (emphasis added). LaBounty did not object to the information below. Following a jury trial, LaBounty was convicted.

No. 53485-1-II

LaBounty appeals.

## INSUFFICIENT CHARGING DOCUMENT

LaBounty argues for the first time on appeal that the charging document was insufficient because it omitted the essential element of knowledge. The State concedes that the information was insufficient and that the conviction must be reversed. We agree.

A. LEGAL PRINCIPLES

*1. Sufficient Charging Document*

An individual has the constitutional right to know what charges have been brought them. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22. An information is "a plain, concise and definite written statement of the essential facts constituting the offense charged" and it provides the defendant with notice of the charges. CrR 2.1(a)(1). Every essential statutory and nonstatutory element of the crime must be set for the in the information. *State v. Pry*, 194 Wn.2d 745, 751, 452 P.3d 536 (2019).

We use the two-pronged test set forth in *State v. Kjorsvik*, 117 Wn.2d 93, 108, 812 P.2d 86 (1991) to review a challenge to the sufficiency of an information. Under this test, we ask "(1) do the necessary facts appear in any form, or by fair construction can they be found, on the face of the charging document and, if so, (2) can the defendant show that he or she was nonetheless actually prejudiced by the inartful language that caused a lack of notice?" *Pry*, 194 Wn.2d at 752-53. When a charging document is challenged for the first time on appeal, it is construed liberally. *Id.* at 752. "If the necessary elements are not found or fairly implied, we presume prejudice and reverse without reaching the second prong." *Id.* at 753. When dismissal is required, it is without

prejudice to the State's ability to refile the charge. *State v. Johnson*, 180 Wn.2d 295, 300-01, 325 P.3d 135 (2014).

   2. *Unlawful Possession of a Firearm*

Under RCW 9.41.040,[1] an individual is guilty of unlawful possession of a firearm if that individual owns or has in their possession, or control, any firearm after they have previously been convicted in this state of any serious offense as defined in chapter 9.41 RCW. Additionally, "knowledge" is an element of unlawful possession of a firearm. *State v. Anderson*, 141 Wn.2d 357, 359, 5 P.3d 1247 (2000).

B. ANALYSIS

Here, the information omitted the essential element of knowledge. Applying the first prong of the *Kjorsvik* test the information was insufficient because the necessary facts do not appear in any form, nor by fair construction can they be found, on the face of the charging document. *Kjorsvik*, 117 Wn.2d at 108. The fundamental purpose of the information is to inform the defendant of the charges so they can prepare a defense. *Id.* at 109. Here, the information simply stating that LaBounty *unlawfully* possessed or controlled a firearm does not convey to him that possession or control must be knowing and that this is not a strict liability crime.

In *Kjorsvik*, by contrast, the supreme court held that the necessary facts to alert the defendant of what he was charged with appeared in the charging document when the information alleged that Kjorsvik "unlawfully, with force, and against the baker's will, took the money while armed with a deadly weapon." *Id.* at 110. In excusing the information's omission of the element

---

[1] RCW 9.41.040 has been amended since the events in this matter transpired. Because these amendments do not affect our analysis, we cite to the current version. *See* LAWS OF 2020, ch. 29, § 4; LAWS OF 2019, ch. 245, § 3, ch. 248, § 2, ch. 245, § 3, ch. 46, § 5003.

of intent to steal, the court said "[i]t is hard to perceive how the defendant in this case could have unlawfully taken the money from the cash register, against the will of the shopkeeper, by use (or threatened use) of force, violence and fear while displaying a deadly weapon and yet not have intended to steal the money." *Id.*

Here, no such language is found in the information. We agree with the parties that even under a liberal construction of the information, no language or facts can be found that would alert LaBounty that he was accused of knowingly possessing a firearm. Because we find the information deficient under the first prong of the *Kjorsvik* test, we presume that LaBounty was prejudiced and reverse on that basis. *Pry*, 194 Wn.2d at 753.[2]

## CONCLUSION

We reverse LaBounty's conviction and dismiss without prejudice.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

---

[2] LaBounty also argues that if we do not reverse this sole conviction, then we should remand for resentencing in light of *State v. Blake*, 197 Wn.2d 170, 195, 481 P.3d 521 (2021). Because we agree the conviction must be reversed, this issue is moot. *In re Det. of M.K.*, 168 Wn. App. 621, 625, 279 P.3d 897 (2012) (noting an appeal is moot if we can no longer provide effective relief).

No. 53485-1-II

_CRUSER, J._

We concur:

_GLASGOW, C.J._

_VELJACIC, J._