IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 40928-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| IAN CONNOR TAKESH OZASA, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Ian Ozasa appeals his conviction of felony violation of a no-contact order. For the first time on appeal, he argues the information was constitutionally deficient. The State concedes error but urges us to not follow *State v. Kjorsvik*, 117 Wn.2d 93, 812 P.2d 86 (1991), and adopt a harmless error test. We accept the State's concession, reject its invitation to ignore binding authority, and direct the trial court to dismiss Ozasa's conviction without prejudice.

## FACTS

In June 2023, the Thurston County Superior Court issued an amended no-contact order (NCO) against Ian Ozasa to protect his wife, Amanda Ozasa. The NCO expires in March 2028.

In August 2024, a neighbor saw Ozasa and his wife outdoors in a heated discussion. Ozasa was standing behind Ms. Ozasa as she sat on a bench and had his hands on her shoulder while she was upset and crying. From the neighbor's perspective, it appeared Ozasa was angrily restraining her. When the neighbor approached, Ozasa left. The neighbor called 911.

Officer Michael Sirenko was the first officer to arrive. During his investigation, he discovered the existing NCO between Ozasa and Ms. Ozasa. Officer Sirenko confirmed the NCO was valid, that it had been served on Ozasa, and reviewed its terms.

By amended information, the State charged Ozasa with residential burglary and three counts of felony violation of an NCO. In relevant part, the amended information stated that Ozasa "with knowledge that he was the subject of a . . . no contact order . . . protecting Amanda Kay Ozasa, and said order being valid and in effect, did violate the order." Clerks Papers (CP) at 18.

The parties tried their case to a jury. During opening statements, both the prosecutor and defense counsel explained that an NCO violation must be knowingly committed. Before jury deliberations, the trial court granted the State's motion to dismiss the burglary charge.

The court instructed the jury that it must find Ozasa "knowingly violated a provision of [a no-contact] order" to convict him. Rep. of Proc. (RP) at 3579. In closing,

the prosecutor reviewed the court's definition of "knowingly" and reminded the jury that "Ozasa knew there was a no-contact order in place" and, when Ozasa saw the neighbor approaching, he left. RP at 3596. The defense argued in closing the State had to prove Ozasa knowingly violated the NCO, meaning that "he knew about the order, about the specific provision, and when he acted he knew that what he was doing violated the order." RP at 3602.

The jury convicted Ozasa of only one of the three felony counts of violating an NCO. At sentencing, the court imposed the standard-range 60-month sentence recommended by the State.

Ozasa appeals to this court.

## ANALYSIS

### DEFICIENCY OF THE CHARGING DOCUMENT

Ozasa argues his conviction should be reversed and remanded for dismissal of the NCO charge because the amended information failed to include the essential element that he knowingly violated a provision of the NCO. The State concedes the amended information was constitutionally deficient but urges us to not follow *Kjorsvik* and instead apply a constitutional harmless error test. We agree with Ozasa and decline to depart from binding precedent.

3

We review a challenge to the sufficiency of a charging document de novo. *State v. Briggs*, 18 Wn. App. 2d 544, 548, 492 P.3d 218 (2021). Accused persons have the constitutional right to know the charges against them. U.S. CONST. amend. VI; CONST. art. I, § 22. "'Pursuant to this right, [t]he accused . . . has a constitutional right to be apprised of the nature and cause of the accusation against him. . . . This doctrine is elementary and of universal application, and is founded on the plainest principle of justice.'" *State v. Pry*, 194 Wn.2d 745, 751, 452 P.3d 536 (2019) (internal quotation marks omitted) (quoting *State v. Gehrke*, 193 Wn.2d 1, 6, 434 P.3d 522 (2019)). These constitutional principles are satisfied only if the charging document "states all the essential elements of the crime charged, both statutory and nonstatutory." *State v. McCarty*, 140 Wn.2d 420, 425, 998 P.2d 296 (2000). If the charging document is constitutionally deficient, the remedy is dismissal without prejudice. *Pry*, 194 Wn.2d at 752.

Ozasa did not challenge the sufficiency of the information before a verdict was reached. If the "charging document is challenged for the first time on appeal, we construe it liberally." *Id.* "'[I]f the document cannot be construed to give notice of or to contain in some manner the essential elements of a crime, the most liberal reading cannot cure it.'" *Id.* (internal quotation marks omitted) (quoting *McCarty*, 140 Wn.2d at 425).

4

We use a two-pronged test to analyze challenges to the sufficiency of the charging document: "(1) do the necessary facts appear in any form, or by fair construction can they be found, on the face of the charging document and, if so, (2) can the defendant show that he or she was nonetheless actually prejudiced by the inartful language that caused a lack of notice?" *Id.* at 752-53 "We do not look past the face of the document . . . until the second prong in *Kjorsvik.*" *Id.* at 753. "If the necessary elements are not found or fairly implied, we presume prejudice and reverse without reaching the second prong and the question of prejudice." *Id.*

The State charged Ozasa with felony violation of an NCO under RCW 10.99.050(2)(a) and RCW 7.105.450(5). RCW 10.99.050(2)(a) provides that a "[w]illful violation of a court order issued . . . is punishable under RCW 7.105.450." The "requirement that an offense be committed wilfully is satisfied if a person acts knowingly with respect to the material elements of the offense, unless a purpose to impose further requirements plainly appears." RCW 9A.08.010(4). Under RCW 7.105.450(5), "[a] violation of a domestic violence protection order . . . is a class C felony if the offender has at least two previous convictions for violating the provisions of [certain orders]."

The crime of violation of a no-contact order has three essential elements: "(1) the willful contact with another (2) that a valid NCO prohibits and (3) defendant's

5

knowledge of the NCO." *Briggs*, 18 Wn. App. 2d at 550. "All three essential elements must appear in some form, or by fair construction, in the charging document." *Id*. at 551.

In *Briggs*, the State charged the defendant with various crimes, including felony violation of an NCO. *Id*. at 546-47. The relevant language in the information stated the defendant "'with knowledge that he was the subject of a . . . no contact order . . . did violate the order.'" *Id*. at 551 (some alteration in original) (emphasis omitted). The court determined that the information could not liberally be construed as alleging that the defendant knowingly violated the NCO. *Id*. at 553. Accordingly, the court reversed the defendant's conviction. *Id*. at 555.

Here, the amended information charging Ozasa with felony violation of an NCO stated that Ozasa "with knowledge that he was the subject of a . . . no contact order . . . did violate the order." CP at 5. This is the same language *Briggs* rejected because it failed to provide the defendant notice that willful contact with the protected party was an element of the charged crime. Here, because the charging information lacked the essential element of willful contact, it was constitutionally deficient, we presume prejudice, and the remedy is reversal and dismissal without prejudice.

The State correctly concedes that the amended information was constitutionally deficient. However, it argues the *Kjorsvik* remedy of dismissal without prejudice effectively treats a one-word omission in a charging document as structural error.

6

Resp't's Br. at 17-18. It argues that such treatment is inconsistent with how the United States Supreme Court currently analyzes most constitutional errors and urges us to apply the constitutional harmless error test. Resp't's Br. at 18-20. Even were we persuaded by the State's arguments, it is beyond our authority to ignore *Kjorsvik*. When "the state Supreme Court has decided an issue of state law, we are bound by that interpretation until it is overruled by [our] Supreme Court." *Twin W Owners' Ass'n v. Murphy*, 26 Wn. App. 2d 494, 507, 529 P.3d 410 (2023).

Accordingly, we reverse Ozasa's conviction of felony violation of an NCO and direct the trial court to dismiss that charge without prejudice.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____            _____
Cooney, J.                                                   Murphy, J.

7